[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 9, 2005
THOMAS K. KAHN
CLERK

No. 04-14711
Non-Argument Calendar

_____

D. C. Docket No. 04-00156-CR-T-30-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS MCGOWAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 8, 2005)**

Before HULL, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Thomas McGowan appeals his sentence of 188 months' imprisonment,

imposed following his guilty plea for possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841. For the reasons that follow, we vacate and remand for resentencing.

## I. Background

On March 30, 2004, McGowan was indicted for possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841. He agreed to plead guilty without a written plea agreement. At his change-of-plea hearing, McGowan consented to a magistrate judge. The government made the following proffer of the offense: acting on information from a confidential informant that a drug dealer was driving a blue Toyota Camry, police spotted the car outside an empty lot and observed people approach the car, make an exchange, and walk away. Police witnessed McGowan drive off in the blue Toyota Camry, at which time they initiated a traffic stop and arrested McGowan for driving without a license. Upon questioning McGowan at the police station, McGowan initially denied having any contraband, but then admitted that he had some drugs. As McGowan walked through the police station, a bag containing 1.97 grams of crack fell from his pants. Officers later discovered an additional 24.62 grams in McGowan's shorts, as well as $1,102. McGowan admitted that this drug quantity was correct, and he entered a plea of guilty. The magistrate judge found that the

2

plea was made knowingly and voluntarily, and recommended that the district court accept the plea, which the court did.

The probation officer prepared a presentence investigation report ("PSI"), assigning a base offense level of 30 because of the amount of drugs involved, which the probation officer described as 24.62 grams found on McGowan, plus an additional 15.5 grams found in McGowan's car. The probation officer further determined that McGowan was a career offender under U.S.S.G. § 4B1.1 because he had four prior felony convictions for crimes of violence and controlled substance offenses, which raised the offense level to 34.[1] With a three-level reduction for acceptance of responsibility, McGowan's total offense level was 31, with a criminal history category of VI, for a sentencing range of 188-235 months' imprisonment.

McGowan objected on Fifth and Sixth Amendment grounds, asserting that he should not be responsible for over forty grams of crack because that amount was not charged in the indictment and was not admitted at the change of plea. He also argued that the application of the career offender guideline violated his Fifth and Sixth Amendment rights under Blakely v. Washington, 124 S.Ct. 2531 (2004).

---

[1] McGowan's prior offenses were: a 1994 conviction for attempted sale of cocaine; a 1995 conviction for possession of cocaine with intent to sell; a 1998 conviction for sale of cannabis; and a 2002 conviction for aggravated assault.

3

McGowan made no objections to the factual accuracy of the PSI. Notably, he stipulated to the drug quantity in the PSI and that he was at least eighteen years old when he committed the prior offenses that supported the career offender enhancement. The district court offered to convene a jury to address sentencing issues, but McGowan declined that offer. The court adopted the PSI and sentenced McGowan to 188 months' imprisonment. The court also indicated that should the Supreme Court hold the guidelines unconstitutional, it would impose an alternate sentence of 180 months' (15 years) imprisonment after considering the factors of the nature of the crime, the defendant's criminal history, and the quantity of drugs involved.

## II. Discussion

We review a defendant's preserved Booker challenge to his sentence de novo, but will reverse and remand only for harmful error. United States v. Mathenia, ___F.3d___, 2005 WL 1201455, at *2 (11th Cir. May 23, 2005). Here, McGowan argues that the application of the career offender guideline violates his Fifth and Sixth Amendment rights alleging that it was "based upon facts that were not charged in the indictment, not proven to any jury, and not stipulated to at the change of plea hearing." Additionally, McGowan asserts that the criminal history calculations violated Blakely. Finally, McGowan argues that his sentence was

increased based on an amount of drugs not charged in the indictment, in violation of Blakely, and that to apply the alternate sentence creates an ex post facto problem.

After McGowan filed his brief, the United States Supreme Court decided United States v. Booker, 125 S.Ct. 738 (2005), in which it held that: "the Sixth Amendment as construed in Blakely does apply to the Sentencing Guidelines" and reaffirmed its holding in Apprendi that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 125 S.Ct. at 746-47, 757. The Court further held that the Guidelines were merely advisory, but that district courts must still consider the guideline ranges when imposing sentences. Id. at 757, 764.

"Post-Booker, this Court has reaffirmed that there is no Sixth Amendment violation when a district court enhances a sentenced based on prior convictions...." United States v. Gallegos-Aguero, No. 04-14242 manuscript op. at 3 (11th Cir. May 18, 2005); United States v. Orduno-Mireles, 405 F.3d 960, 962-63 (11th Cir. 2005); see also United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005) (explaining that the Supreme Court's holding in Almendarez-Torres v. United

5

States, 523 U.S. 224 (1998) was left undisturbed by Apprendi, Blakely, and Booker). Accordingly, there was no constitutional error in the application of the guidelines insofar as the calculations derived from McGowan's prior convictions. In addition, we find no merit in McGowan's contention that the Sixth Amendment requires that a jury, rather than a judge, determine whether his convictions are within the category of offenses specified in U.S.S.G. § 4B1.1(a).[2] See United States v. Crawford,_____F.3d_____, 2005 WL 1005280 (11th Cir. May 2, 2005); United States v. Blas, 360 F.3d 1268, 1272 (11th Cir. 2004) (explaining that "the district court's interpretation of the Sentencing Guidelines is a question of law [this Court] review[s] de novo"); see also United States v. Farris, 77 F.3d 391, 398 (11th Cir. 1996) (whether robbery is a "crime of violence" for purposes of U.S.S.G. § 4B1.1 is a question of law that may be decided by this Court).

Moreover, to the extent that McGowan challenges his sentence based on the amount of drugs, that argument is without merit. McGowan stipulated to the amount of drugs, and therefore, the district court could properly rely on that amount in determining the sentence. See Booker, 125 S.Ct. at 756. Additionally,

---

[2] U.S.S.G. § 4B1.1(a) states that: "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." Notably, McGowan admitted at both his change of plea hearing and at sentencing that he was at least eighteen years old when he committed the charged offense.

6

we are not persuaded by McGowan's claim that <u>Booker</u> should not be applied retroactively, as the U.S. Supreme Court instructed that <u>Booker</u> applied to all cases pending on direct review. <u>See</u> <u>Booker</u>, 125 S.Ct. at 769.

The only error in this case was the district court's mandatory application of the sentencing guidelines, and we conclude that the error was not harmless. "A non-constitutional error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the sentence, or had but very slight effect. If one can say with fair assurance that the sentence was not substantially swayed by the error, the sentence is due to be affirmed even though there was error." <u>Mathenia</u>, 2005 WL 1201455, at *2 (quotation marks, citations, ellipses, and brackets omitted). The burden is on the government to show that the error did not affect the defendant's substantial rights. <u>See</u> <u>United States v. Davis</u>, ____ F.3d ____, 2005 WL 1033422, at *1 (11th Cir. May 4, 2005); <u>see also</u> <u>United States v. Robles</u>, ____ F.3d ____, 2005 WL 1083487, at *3 (11th Cir. May 10, 2005).

During sentencing, the district court indicated that it would impose an alternate sentence of 180 months' (15 years) should the Supreme Court hold the guidelines unconstitutional. Specifically, the district court stated:

> In the alternative, if the guidelines are deemed to be unconstitutional by the Eleventh Circuit, or the U.S. Supreme Court, this Court would have imposed a sentence of 15 years [180 months] after considering the factors of the nature of the crime, the defendant's criminal history,

7

and the quantity of drugs involved.

As the government acknowledges, this alternate sentence demonstrates that any error in the application of the guidelines was not harmless.[3]

Accordingly, for the foregoing reasons, we VACATE and REMAND to the district court for resentencing.  On remand, the district court, "while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing."  Booker, 125 S. Ct. at 767.

---

[3] Thus, this case is different from those in which we found harmless error because the district court gave an alternate sentence that was the same as the sentence imposed.  See Mathenia, 2005 WL 1201455, at *3; United States v. Petho, _____F.3d____, 2005 WL 1160640 at *1 (11th Cir. May 18, 2005); Robles, 2005 WL 1083487, at *3.