[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-14932

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 21, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00156-CR-T-30-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS MCGOWAN,
a.k.a. Shank,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 21, 2006)**

Before MARCUS, WILSON and COX, Circuit Judges.

PER CURIAM:

Thomas McGowan was convicted on his guilty plea for possession with

intent to distribute five grams or more of cocaine base (crack cocaine), in violation

of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii). The district court imposed a sentence of

188 months, and McGowan appealed. Finding statutory error under *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), because the district court had treated the Guidelines as mandatory, we vacated McGowan's sentence and remanded for resentencing. *United States v. McGowan*, 134 Fed. Appx. 359, 362-63 (11th Cir. 2005). Following a resentencing hearing, the district court imposed a custody sentence of 180 months. McGowan now appeals this sentence.

## I. BACKGROUND

On March 4, 2004, Lakeland police officers, acting on information that McGowan was a drug dealer, initiated a traffic stop and arrested McGowan for driving without a license. When questioned at the police station, he ultimately admitted possession of crack. At sentencing, he was held accountable for 41.3 grams of crack, which he acknowledged to be correct.

## II. ISSUES ON APPEAL AND CONTENTION OF THE PARTIES

McGowan raises a number of issues on this appeal. Only two warrant discussion. He contends: (1) that the district court failed to state its reasons for the sentence imposed as required by 18 U.S.C. § 3553(c); and (2) that his sentence is unreasonable.[1]

---

[1] We rejected McGowan's constitutional challenges in the prior appeal. And, we also held that the district court had properly calculated the Guideline sentencing range. We need not revisit those issues.

The Government argues that the issue of the district court's statement of reasons for its choice of the sentence imposed was not preserved for review and, alternatively, that the statement of reasons complied with the statute. As to the reasonableness of the sentence, the Government first insists that we lack jurisdiction to review the sentence for reasonableness, and, alternatively, that the sentence is reasonable.

## III. DISCUSSION

### A. Statement of Reasons for the Sentence

McGowan contends that 18 U.S.C. § 3553(c)(2) required the district court to state its specific reasons for imposition of a sentence outside the Guideline range, either during the sentencing hearing or in the written judgment, and that the court failed to comply with the statute. The Government contends that McGowan did not voice this objection in the district court, and therefore this issue was not preserved for review. Because we necessarily consider the court's statement of reasons in our review of the sentence for reasonableness, however, we assume arguendo that this issue is preserved for our review.

We find the district court's statement of reasons sufficient. A court is not obligated to explicitly mention the § 3553(a) factors, but instead can meet this requirement through the totality of its actions. *See United States v. Thomas*, 446

3

F.3d 1348, 1357 (11th Cir. 2006) (finding that the district court considered § 3553(a) factors where the parties' arguments and the PSI's calculations outlined them); *See also United States v. Wivell*, 893 F.2d 156, 158 (8th Cir. 1990) (record of entire sentencing hearing considered in evaluating district court's reasons for imposing particular sentence; reviewing court will not rely exclusively upon court's summary statement at closing of sentencing hearing). At the original sentencing hearing (which we consider in addressing this issue) the court listened to the arguments of counsel, imposed a sentence of 188 months, and said it would impose a sentence of 180 months if the Guidelines were not mandatory. The court said that it had arrived at the 180-month sentence "after considering the factors of the nature of the crime, the defendant's criminal history, and the quantity of drugs involved." (R.3-33 at 31.) At the resentencing hearing, the court listened to the arguments of counsel and, following the imposition of sentence, said "The sentence is 15 years, which the Court determines to be reasonable in light of the factors of 18 U.S.C., Section 3553." (R.4-52 at 11.) These statements suffice. *United States v. Scott*, 426 F.3d 1324, 1329-30 (11th Cir. 2005).

Nothing in the record supports McGowan's suggestion that the district court ignored his arguments in imposing this sentence.

B.  Reasonableness of the Sentence

The § 3553(a) factors guide courts in determining whether a sentence is reasonable.  *United States v. Winingear*, 422 F.3d 1241, 1245 (11th Cir. 2005).  The "party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in light of both [the] record and the factors in section 3553(a)."  *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).  District courts do not need to establish the reasonableness of the imposed sentence by explicitly considering every § 3553(a) factor.  *Scott*, 426 F.3d at 1329.

Despite McGowan's claims, the district court imposed a reasonable sentence.  First, the court properly calculated the Guideline range of his sentence as 188 to 235 months' imprisonment.  The court adopted the facts and sentencing calculations contained in the PSI, and then sentenced McGowan to 180 months–eight months below the Guideline range and between one-third and one-half the statutory maximum of 40 years.  21 U.S.C. § 841(b)(1)(B)(iii).  Second, McGowan had two more prior convictions than the two required for the career offender determination, plus an extensive history of drug dealing and other crimes.  The totality of his criminal history resulted in 24 criminal history points, which is significantly above the 13 points necessary for Category VI–the highest category available and the category to which McGowan was assigned.  The 180-month

sentence is reasonable.  *United States v. Martinez*, 434 F.3d 1318, 1321-22 (11th Cir. 2006).[2]

AFFIRMED.

---

[2]McGowan's crack-to-cocaine and career offender arguments are attacks on the Guidelines that we have previously rejected.  *United States v. Williams*, 456 F.3d 1353, 1367 (11th Cir. 2006).