[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 4, 2008
THOMAS K. KAHN
CLERK

No. 07-12796
Non-Argument Calendar

_____

D. C. Docket No. 07-14021-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KRISTINA HOPE BERGGREN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 4, 2008)**

Before CARNES, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Kristina Berggren appeals her sentence of 168 months of imprisonment for

her three drug crimes. She alleges that her sentence at the low-end of the guidelines range is unreasonable. We affirm.

## I. BACKGROUND

The Sheriff of Indian River County began to investigate Berggren after a confidential informant offered to purchase large amounts of crack cocaine from Berggren and her boyfriend, Robert Ketchledge. An informant made a controlled purchase of $200 of crack cocaine at Berggren's home. Law enforcement obtained a search warrant that same day, but delayed execution of the warrant until after an undercover officer and the informant made a second purchase of crack cocaine from Berggren in a parking lot in Vero Beach.

Berggren was arrested later when her truck was pulled over for speeding. When officers searched the truck, they discovered $185 from the controlled buy at Berggren's house and the $300 paid to Berggren in the parking lot. Berggren was told about the search warrant for her home and waived her Miranda rights. Berggren told officers that Ketchledge was in the master bedroom of her house with a pistol hidden under the mattress of the bed and Ketchledge could observe an officer approach the house through a video surveillance system. Berggren then accompanied officers to her house, where they executed the search warrant.

When officers entered the master bedroom, they observed crack cocaine,

drug pipes, and the handle of a pistol protruding from the mattress. The officers searched a small safe inside the room and discovered 171.6 grams of crack cocaine, a small amount of marijuana, and a digital scale. The officers also found a .12 gauge shotgun with one round of ammunition that leaned against the safe beside a second shotgun loaded with three rounds of ammunition. While inside the bedroom, officers discovered an additional 5.8 grams of crack cocaine, 21.5 grams of methamphetamine, a small amount of powder cocaine, and 15 tablets of hydrocodone.

Berggren was charged in three counts of a four-count indictment for conspiracy to possess with intent to distribute 50 grams or more of cocaine base, possession of 50 grams or more of cocaine base, and possession with intent to distribute a substance containing methamphetamine. 21 U.S.C. §§ 841(a)(1), 846. Berggren entered a blind plea of guilty to all three counts. The magistrate judge explained to Berggren during the guilty plea colloquy that the sentencing guidelines were advisory and the district court could impose a sentence above or below the guidelines range up to the statutory maximum of life imprisonment.

The presentence investigation report provided a sentencing range between 168 and 210 months of imprisonment. Berggren urged the court to vary from the guideline range and impose the statutory minimum sentence of 120 months of

imprisonment. The district court "considered the statements of all parties, the presentence report which contain[ed] the advisory guidelines[,] and the statutory factors" and sentenced Berggren to serve three concurrent terms of 168 months of imprisonment followed by a term of supervised release of 5 years.

## II. STANDARD OF REVIEW

We review the final sentence imposed by the district court for reasonableness. United States v. Winingear, 422 F.3d 1241, 1244 (11th Cir. 2005). Review for reasonableness is a deferential standard of review for abuse of discretion. Gall v. United States, 128 S. Ct. 586, 597 (2007).

## III. DISCUSSION

Berggren presents two arguments about her sentence. First, Berggren contends that the district court did not consider the relevant statutory factors for her sentencing. 28 U.S.C. § 3553(a). Second, Berggren alleges for the first time on appeal that the district court did not consider the disparity between the sentencing ranges for offenses involving crack and powder cocaine when it determined her sentence. These arguments fail.

The record contradicts Berggren's first argument that the judge did not consider the sentencing factors of section 3553(a). The judge stated that he based his decision on "the statements of all parties, the presentence report which contains

4

the advisory guidelines[,] and the statutory factors." Although the district court must consider the factors in section 3553, the court is not required to discuss each factor. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). An explicit acknowledgment that the district court has considered the defendant's arguments and the section 3553 factors is sufficient. United States v. Scott, 426 F.3d 1324, 1329–30 (11th Cir. 2005). The district court did not err.

Berggren's second argument also fails. In Kimbrough v. United States, the Supreme Court explained that a district court "may consider the disparity between the Guidelines treatment of crack and powder cocaine offenses," not that it must do so. 128 S. Ct. 558, 564 (2007) (emphasis added). The district court stated that it knew that it had "discretion to sentence outside the guidelines and [to] impose a reasonable sentence based on consideration of the statutory factors[,]" but the district court chose to impose a sentence "at the bottom of the advisory guideline range . . . to deter [Berggren] from further criminal conduct." Because "[t]he cocaine Guidelines, like all other Guidelines, are advisory only," Kimbrough, 128 S. Ct. at 564, the district court acted within its discretion to determine that a within-Guidelines sentence served the objectives of sentencing under section 3553(a). Nothing in either the decision of the Supreme Court in Kimbrough or our precedents obliged the district court to discuss the powder-crack disparity.

5

"[T]here is a range of reasonable sentences from which a district court may choose," and the burden falls on the party who challenges the sentence to establish that it is "unreasonable in the light of both [the] record and the factors in section 3553(a)." Talley, 431 F.3d at 788. Berggren has failed to establish that her sentence at the low-end of the guidelines range is unreasonable.

## IV. CONCLUSION

Berggren's sentence is **AFFIRMED.**