[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 3, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14925
Non-Argument Calendar

_____

D. C. Docket No. 07-00151-CR-WTM-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DESMOND KEITH TOLBERT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(April 3, 2008)

Before CARNES, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Desmond Keith Tolbert appeals his 63-month sentence imposed after his

guilty plea to possession with intent to distribute 5 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). After review, we vacate Tolbert's sentence and remand to the district court for resentencing in light of Kimbrough v. United States, 552 U.S. ___, 128 S. Ct. 558 (2007).

## I. BACKGROUND

Tolbert pled guilty to one count of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1), and stipulated that the amount in possession was 5 grams or more of crack cocaine. According to the presentence investigation report ("PSI"), Tolbert was involved in two separate sales of crack cocaine. Although the drug quantity of the first sale was unknown, the second sale involved 1.31 grams of crack cocaine. While arresting Tolbert at his residence, police found an additional 24.88 grams of crack cocaine. Thus, 26.19 grams of crack cocaine were attributed to Tolbert.

In August 2007, the PSI calculated a base offense level of 28, pursuant to the then existing U.S.S.G. § 2D1.1(c)(6), based on a drug quantity between 20 and 35 grams of crack cocaine, and applied a 3-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), (b). Based on an adjusted offense level of 25 and a criminal history category of II, the PSI calculated an advisory guidelines range of 63 to 78 months' imprisonment. The statutory minimum

2

sentence was 60 months' imprisonment.

Tolbert filed a written objection to the PSI's base offense level calculation, claiming that he should receive a base offense level of 14 (the offense level for the same amount of cocaine powder) because there was no scientific justification for the guidelines disparity between crack cocaine and powder cocaine offenses. In a separate sentencing memorandum, Tolbert argued that, after United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), the district court should consider the factors listed in 18 U.S.C. § 3553(a), including the need to avoid unwarranted sentencing disparities in § 3553(a)(6). Tolbert further argued under § 3553(a)(6) that the 100:1 crack/powder ratio in the guidelines leads to substantial unwarranted sentencing disparities. Tolbert also noted that the Sentencing Commission had sent Congress a proposed amendment to reduce the disparity by lowering the base offense level for crack cocaine offenses by two levels, which would likely become effective November 1, 2007.[1] Thus, Tolbert requested the statutory minimum 60-month sentence.

---

[1]In May 2007, the Sentencing Commission submitted proposed guidelines amendments to Congress that included, inter alia, a two-level reduction to the base offense levels in U.S.S.G. § 2D1.1(c) for crack cocaine violations. See Amendments to the Sentencing Guidelines for United States Courts, 72 Fed. Reg. 28571-72 (2007). The amendment to § 2D1.1(c) became effective on November 1, 2007. See U.S.S.G. app. C, amend. 706 (Supp. 2007); see also 28 U.S.C. § 994(p) (stating that proposed amendments "take effect on a date specified by the Commission . . . except to the extent that the effective date is revised or the amendment is otherwise modified or disapproved by Act of Congress"). Tolbert was sentenced before the effective date of this amendment.

At the October 12, 2007 sentencing hearing, Tolbert raised his objection to the crack/powder disparity and noted the Sentencing Commission's proposed amendment to the guidelines. The district court responded that it had "always been of the opinion . . . that the sentencing guidelines – the hundred-to-one ratio between powder cocaine and crack cocaine in fact created a disparity, which the guidelines were designed to do away with. I have felt like that the guideline range for crack cocaine was too high." However, the district court noted the numerous times in which the Sentencing Commission had previously recommended changing the crack cocaine guidelines, and Congress's unwillingness to make that change. The district court opined that, even if they did make the change, "more than likely they're not going to make it retroactive." The district court further stated:

> Now, whether they're going to make that change, or whether they make that change, I don't know. But we're here today having a sentence based on the current state of the law, and that's what we're going to follow today, the current state of the law, and not what some subjective thing that Congress might do in the future.

The district court adopted the PSI's fact findings and overruled Tolbert's objections to the crack/powder disparity. After recognizing that the guidelines were advisory and considering the § 3553(a) factors, the district court sentenced Tolbert to 63 months' imprisonment, the low end of the advisory guidelines range, and 5 years' supervised release. The district court found no basis for a departure

4

from the advisory guidelines range. The parties raised no further objections after sentencing. The instant appeal followed.

## II. DISCUSSION

This Court held in United States v. Williams, 456 F.3d 1353 (11th Cir. 2006), that federal courts were "not at liberty to supplant [Congress's] policy decision" that "crack offenders should be punished more severely." Id. at 1367. In Kimbrough, the Supreme Court overruled Williams and determined that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve [18 U.S.C.] § 3553(a)'s purposes." Kimbrough, 552 U.S. at ___, 128 S. Ct. at 575.

In a recent decision involving a case remanded from the Supreme Court in light of Kimbrough, this Court vacated and remanded to the district court for resentencing consistent with Kimbrough after determining that (1) the defendant had raised a "Kimbrough-type claim" in the district court and in his initial appeal, (2) the district court had rejected the defendant's claim that the court had authority to consider the crack/powder disparity as a sentencing factor and had not indicated that it would enter the same sentence even if it had such authority, and (3) this Court's opinion in the defendant's first appeal had relied on Williams, which was

overruled by <u>Kimbrough</u>. <u>United States v. Stratton</u>, ___ F.3d ___, 2008 WL 656514, at *1-2 (11th Cir. Mar. 13, 2008).

The same factors found in <u>Stratton</u> are present here and warrant vacating and remanding Tolbert's sentence in light of <u>Kimbrough</u>. Tolbert raised a "<u>Kimbrough</u>-type claim" in the district court that the crack/powder ratio resulted in unwarranted sentencing disparities. However, the district court recognized the disparity but essentially indicated that, based on the current law, it could not reduce Tolbert's sentence due to the crack/powder disparity. The state of the law at the time of Tolbert's sentencing was <u>Williams</u>, which held that the district court did not have the authority to consider the crack/powder disparity at sentencing. As noted earlier, <u>Kimbrough</u> overruled <u>Williams</u>. Thus, while the district court did not err in calculating Tolbert's advisory guidelines range under the guidelines in effect at the time of sentencing, the district court, in light of <u>Kimbrough</u>, did err in concluding it was unable to consider the crack/powder disparity as a sentencing factor under § 3553(a).

Finally, the district court did not state that it would impose the same sentence if it could consider the crack/powder disparity. To the contrary, the district court stated that it had "always been of the opinion" that the 100:1 crack/powder ratio "in fact created a disparity" and "that the guideline range for

6

crack cocaine was too high."

Therefore, we vacate Tolbert's sentence and remand this case to the district court for the limited purpose of resentencing Tolbert in light of <u>Kimbrough</u>.

**VACATED AND REMANDED.**