[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-14932

_____

D.C. Docket No. 04-00156-CR-T-30-EAJ

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 6, 2008
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS MCGOWAN, a.k.a. Shank,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 6, 2008)**

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before MARCUS, WILSON and COX, Circuit Judges.

PER CURIAM:

This case is before us on remand from the Supreme Court for

reconsideration of our review of Thomas McGowan's sentence in light of

*Kimbrough v. United States*, 522 U.S. ___, 128 S. Ct. 558 (2007). *McGowan v. United States*, ___ U.S. ___, 128 S. Ct. 859 (2008). We previously affirmed McGowan's sentence for possession with intent to distribute five grams or more of cocaine base (crack cocaine), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii). *United States v. McGowan*, 211 Fed. Appx. 886 (11th Cir. 2006). We reconsider our opinion only to the extent that it rejected McGowan's attacks, at sentencing, on the disparity in the Sentencing Guidelines of the treatment of crack and powder cocaine offenses ("the crack/powder disparity").

## I. BACKGROUND

McGowan pleaded guilty. The district court imposed a sentence of 188 months, the lowest sentence available under the Guidelines, and McGowan appealed. We vacated McGowan's sentence and remanded for resentencing in light of *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), because the district court had treated the Guidelines as mandatory. *United States v. McGowan*, 134 Fed. Appx. 359, 362-63 (11th Cir. 2005). Following a resentencing hearing, the district court imposed a prison sentence of 180 months.

McGowan appealed this sentence. We affirmed, holding that the district judge properly stated the reasons for his sentence pursuant to 18 U.S.C. § 3553(c)(2), and that the sentence was reasonable. *United States v. McGowan*, 211

Fed. Appx. 886 (11th Cir. 2006). We expressly rejected McGowan's arguments against the wisdom of the Guidelines' crack/powder disparity: "McGowan's crack-to-cocaine and career offender arguments are attacks on the Guidelines that we have previously rejected." *Id.* at 889 n.2 (citing *United States v. Williams*, 456 F.3d 1353, 1367 (11th Cir. 2006)). The Supreme Court subsequently vacated the judgment and remanded this case to us for further consideration in light of *Kimbrough*, which held that a district court does not abuse its discretion if it disagrees, as a matter of policy, with the Guidelines' crack/powder disparity. *McGowan v. United States*, ___ U.S. ___, 128 S. Ct. 859 (2008).

## II. DISCUSSION

### A. The Resentencing Hearing

Prior to his resentencing hearing, McGowan submitted a memorandum to the district court, quoting extensively from a United States Sentencing Commission report ("the Report") identifying the crack/powder disparity as adversely impacting African-American offenders. (R.44 at 7.) McGowan argued that both the career offender guideline and the crack/powder disparity led to a Guideline calculation that was significantly greater than necessary to serve the purposes of sentencing. He asked the court to sentence him based on a 20-to-1 ratio instead of 100-to-1, which would have produced a Guideline range of 92-115

3

months. At the resentencing hearing, McGowan's counsel explicitly argued that

the crack/powder disparity was unreasonable:

> I think the Commission's report is significant in light of *Booker*, because as I have argued in my memorandum, *Booker* instructs the courts to impose sentences that are reasonable, not in light of the guidelines, but in light of 3553(a), of which there are seven factors, the guidelines being only one of the seven.
>
> So, the Sentencing Commission itself has recognized that there are problems with the career offender guideline, both in its application, disproportionately impacting African American offenders . . . .
>
> The Commission has also repeatedly criticized the 100-to-1 crack-to-powder sentencing disparity between crack cocaine and powder cocaine, saying that the pharmacological differences between the two drugs just don't justify that jump.
>
> Based on those two points, which I took from the Sentencing Commission, I proposed a 20-to-1 ratio for Mr. McGowan of what his sentence might have been if he had sold powder cocaine instead of crack cocaine . . . .

(R.52 at 5-6.) The Government responded to these arguments, implying that the

court could not reduce a sentence based on a policy disagreement with the

Guidelines: "As to [McGowan's counsel's] arguments, I believe some of those

have been – the Sentencing Commission has voiced those to Congress, and that

has not been changed." (*Id.* at 9.) The sentencing judge did not address

McGowan's crack/powder disparity argument.

4

At the time of McGowan's resentencing, the district court had no direct, post-*Booker* precedent from this Circuit addressing its discretion to reduce a sentence based on a policy disagreement with the crack/powder disparity. We had held, prior to *Booker*, that a reduction of a sentence on this basis would have constituted an abuse of discretion. *See United States v. Hanna*, 153 F.3d 1286 (11th Cir. 1998); *United States v. King*, 972 F.2d 1259 (11th Cir. 1992). After McGowan's resentencing, we reaffirmed *Hanna* and *King*: "The 100-to-1 drug quantity ratio not only reflects Congress's policy decision that crack offenders should be punished more severely, but also reflects its choice as to how much more severe the punishment should be. Federal courts are not at liberty to supplant this policy decision." *United States v. Williams*, 456 F.3d 1353, 1367 (11th Cir. 2006).

B.    *Kimbrough v. United States*

*Kimbrough* overruled *Williams*: "A district judge must include the Guidelines range in the array of factors warranting consideration. The judge may determine, however, that, in the particular case, a within-Guidelines sentence is 'greater than necessary' to serve the objectives of sentencing. In making that determination, the judge may consider the disparity between the Guidelines'

5

treatment of crack and powder cocaine offenses." *Kimbrough*, ___ U.S. at ___, 128 S. Ct. at 564 (citation omitted).

In light of *Kimbrough*, we have vacated sentences where the sentencing judge had not been permitted to consider the defendants' arguments that the crack/powder disparity was bad policy.[1] We have affirmed sentences where the crack/powder disparity issue was raised for the first time on appeal,[2] and when the sentencing judge stated that the Guidelines were "too high" and reduced the sentence accordingly.[3]

Other circuits have addressed *Kimbrough*. In *United States v. Trotter*, 518 F.3d 773 (10th Cir. 2008), the defendant argued at sentencing that the district court was free to consider the crack/powder disparity. The Government responded that the court could not address these arguments, and the district court did not address them. The Tenth Circuit remanded the sentence for reconsideration in light of *Kimbrough*: "We are unable to tell from the sentencing transcript whether the

---

[1] *United States v. Tolbert*, No. 07-14925, 2008 WL 879981 (11th Cir. Apr. 3, 2008); *United States v. Dawson*, No. 06-16372, 2008 WL 194914 (11th Cir. Jan. 24, 2008); *United States v. Stratton*, 519 F.3d 1305 (11th Cir. 2008).

[2] *United States v. Berggren*, No. 07-12796, 2008 WL 565095, at *2 (11th Cir. Mar. 4, 2008*)* ("Nothing in either the decision of the Supreme Court in *Kimbrough* or in our precedents obliged the district court to consider the powder-crack disparity.")

[3] *United States v. White*, No. 07-11260, 2008 WL 747616 (11th Cir. Mar. 21, 2008).

district court's rejection of Defendant's argument was based on its conclusion that the crack/powder disparity did not warrant a below-Guidelines sentence in Defendant's particular case—a permissible conclusion under *Kimbrough*—or on its acceptance of the Government's argument that the disparity could not constitute a valid reason for varying from the Guidelines in any case—a position that has been overruled by *Kimbrough*." *Id.* at 774.

Here, it is appropriate to remand to the district court for reconsideration in light of *Kimbrough*. We are left in doubt as to whether the district court understood that it would not have abused its discretion if it had reduced McGowan's sentence based on a policy disagreement with the crack/powder disparity. *See United States v. Regalado*, 518 F.3d 143, 147 (2nd Cir. 2008) ("Since the district court was, quite understandably, unaware of (or at least insecure as to) its discretion to consider that the 100-to-1 ratio might result in a sentence greater than necessary, there was an unacceptable likelihood of error."); *United States v. Bush*, No. 07-1307, 2008 WL 1745342, *1 (7th Cir. Apr. 17, 2008) ("we remand for resentencing because it is unclear from the record whether the district court would have imposed a lesser sentence had it not believed it was constrained by the 100:1 ratio."); *United States v. Roberson*, 517 F.3d 990, 995 (8th Cir. 2008) ("When a district court does not consider an argument because it is

7

unaware of its power to do so, however, a remand is appropriate. . . . It is unclear whether the district court declined to use its discretion in the requested manner because of then-current Eighth Circuit precedent or because it did not find that the disparity warranted any variance from the guidelines."). The Government argues that the district court did consider, and reject, McGowan's argument regarding the crack/powder disparity. But there is no indication in the record that the court considered this argument, or that it believed it lawfully could. In fact, if the district court had reduced McGowan's sentence based on the unfairness of the crack/powder disparity, we would have reversed in light of *Williams*.[4] We cannot presume that the district court, anticipating *Kimbrough*, understood that it would not have abused its discretion if it had reduced McGowan's sentence because it viewed the crack/powder disparity to be unfair. *See United States v. Taylor*, No. 06-4123, 2008 WL 782739, *2 (7th Cir. Mar. 26, 2008) ("[T]he fact that a judge—the judge in this case for example—does not say anything about the ratio cannot be taken to mean that he (in this case she) thinks it is fine."); *United States v. Padilla*, No. 06-4370, 2008 WL 833994, *7 (7th Cir. Mar. 31, 2008) ("The district court did not address his agreement or disagreement with the 100:1 ratio,

---

[4]We affirmed McGowan's sentence after *Williams* was decided, but before *Kimbrough* overruled it.

making no comments about whether he thought he could consider the disparity in rendering a sentence. But we need not infer from his silence that the district court agreed with the 100:1 ratio.").

We remand to the district court to give it an opportunity to indicate whether it would have imposed a different sentence if it had understood that it had discretion to disagree with the Guidelines policy expressed in the crack/powder disparity. If the district court concludes that consideration of the crack/powder disparity would make no difference in McGowan's sentence, it need not conduct a resentencing hearing, and may simply reenter the sentence previously imposed.

The sentence is VACATED and the case is REMANDED to the sentencing court for reconsideration consistent with this opinion.