[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 23, 2009
THOMAS K. KAHN
CLERK

_____

No. 07-15518
Non-Argument Calendar

_____

D. C. Docket No. 07-20520-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CRAIG MILLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 23, 2009)

Before EDMONDSON, Chief Judge, TJOFLAT and DUBINA, Circuit Judges.

PER CURIAM:

Craig Miller ("Appellant") appeals his 151-months' sentence for possession of and conspiracy to possess crack cocaine.[*]  Appellant argues that the district court failed to address Appellant's contention that the crack/powder disparity in the sentencing guidelines should be considered advisory rather than mandatory.  The government ("Appellee") agrees that, because the sentencing hearing was held before the Supreme Court's decision in <u>Kimbrough v. United States</u>, 128 S.Ct. 558 (2007), Appellant's case warrants limited remand.  We vacate the sentence and remand to the district court for the limited purpose of reconsideration in the light of <u>Kimbrough</u>.

In <u>United States v. Stratton</u>, 519 F.3d 1305 (11th Cir. 2008), we recognized that <u>Kimbrough</u> overruled <u>United States v. Williams</u>, 456 F.3d 1353 (11th Cir. 2006), our prior precedent on the crack/powder sentencing disparity.  In <u>Stratton</u>, we said that under <u>Kimbrough</u>, the district courts have the authority to consider the crack/powder sentencing disparity when reaching an appropriate sentence.  <u>Id.</u> at 1306-07.

---

[*]Counsel for Appellant filed a motion to withdraw pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), on the grounds that he had conducted a thorough review and could find nothing on which to base an appeal.  This Court denied his motion and directed him to appeal on the issue of whether the district court properly treated the crack/powder disparity as mandatory when sentencing.

In Stratton, we remanded and noted that "[w]e do not suggest on remand that the district court must impose any particular sentence or that the district court is not free to impose the same sentence . . . . [T]his is a limited remand to permit the district court to reconsider . . . in light of . . . Kimbrough." Id.

In United States v. McGowan, 276 Fed.Appx. 946 (11th Cir. May 6, 2008) (per curiam), we remanded for reconsideration in the light of Kimbrough in a case similar to this case. McGowan argued at sentencing that the crack/powder disparity led to a sentence significantly greater than necessary. The sentencing judge did not address McGowan's crack/powder sentencing disparity argument. Id. Under those circumstances, we concluded that a limited remand in the light of Kimbrough was appropriate. Id. at 3. In support of that decision, we noted that we were "left in doubt as to whether the district court understood that it would not have abused its discretion if it had reduced McGowan's sentence based on a policy disagreement with the crack/powder disparity." Id. Faced with that doubt, we decided to "remand to the district court to give it an opportunity to indicate whether it would have imposed a different sentence if it had understood that it had discretion to disagree with the Guidelines policy expressed in the crack/powder disparity. If the district court concludes that consideration of the crack/powder disparity would make no difference in McGowan's sentence, it need not conduct a

3

resentencing hearing and may simply reenter the sentence previously imposed."

Id. at 4.

In this case, the record is unclear on whether the district court considered the crack/powder sentencing ratio to be an advisory or mandatory aspect of Appellant's sentence. Because Kimbrough had yet to be decided, reason exists to believe the district court may not have understood the ratio to be advisory. The government agrees with Appellant that a limited remand, as we ordered in McGowan, is necessary to allow the district court to consider its decision in the light of the Supreme Court's decision in Kimbrough. Accordingly, we remand this case to the district court for limited reconsideration as we did in McGowan.

VACATED and REMANDED.