

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-10-2009

# USA v. Herman Mercado

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1410

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

## Recommended Citation

"USA v. Herman Mercado" (2009). *2009 Decisions.* Paper 1206.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1206

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-1410
_____

UNITED STATES OF AMERICA

v.

HERMAN MERCADO,
                                          Appellant

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 06-cr-00318-002)
District Judge:  Honorable Christopher C. Conner

_____

Submitted Under Third Circuit LAR 34.1(a)
May 19, 2009

Before:  RENDELL and GARTH, <u>Circuit Judges</u>,
and PADOVA, District Judge*.

(Filed: June 10, 2009)
_____

OPINION OF THE COURT
_____

RENDELL, <u>Circuit Judge</u>.

    Appellant Herman Mercado pled guilty to one count of possession with intent to

_____

    * Honorable John R. Padova, Senior Judge of the United States District Court for the
Eastern District of Pennsylvania, sitting by designation.

distribute fifty grams or more of "crack" cocaine in violation of 21 U.S.C. § 841(a)(1).

The District Court for the Middle District of Pennsylvania entered judgment and

sentenced Mercado to 120 months' incarceration, the statutory minimum sentence under

21 U.S.C. § 841(b)(1)(A)(iii). Mercado appeals the sentence on several grounds.

Mercado's attorney moved to withdraw as counsel and filed a brief in accordance with

*Anders v. California*, 386 U.S. 738 (1967). Finding no non-frivolous arguments in

support of Mercado's appeal, we will affirm the judgment and sentence of the District

Court and grant the motion to withdraw.[1]

In assessing an *Anders* brief, we must determine: 1) whether counsel has

thoroughly examined the record and explained why the appeal presents no issues of

arguable merit; and 2) whether our independent review of the record presents any non-

frivolous issues. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001); Third Circuit

L.A.R. 109.2(a). If the *Anders* brief appears adequate on its face, we will confine our

inquiry to the portions of the record identified in an appellant's *pro se* brief and counsel's

*Anders* brief. *Youla*, 241 F.3d at 301.

Here, counsel's *Anders* brief appears adequate on its face. Counsel identified three

general grounds for challenging a conviction and sentence based on a guilty plea –

jurisdiction, validity and voluntariness of the plea, and legality and reasonableness of the

---

[1] We exercise jurisdiction under 28 U.S.C. § 1291. *United States v. Tannis*, 942 F.2d
196, 197 (3d Cir. 1991).

2

sentence – and thoroughly explained why there were no arguably appealable issues in Mercado's case. Therefore, we restrict our analysis to the issues raised by counsel and Mercado in his *pro se* brief.

First, Mercado argues that the District Court was required, but failed, to examine disparities in the penalties prescribed for crack cocaine and powder cocaine offenses ("crack-cocaine disparity") under the U.S. Sentencing Guidelines.[2] As support for the *per se* rule urged, Mercado cites *Kimbrough v. United States*, 552 U.S. 85 (2007). In *Kimbrough*, the Supreme Court made clear that a district court *may* – not that it *must* – consider the crack-cocaine disparity in its analysis of the 18 U.S.C. § 3553(a) factors. *Id*. Accordingly, since *Kimbrough* was decided, two courts of appeals have expressly rejected a categorical rule mandating consideration of the crack-cocaine disparity under § 3553(a)(6) in every case. *See United States v. Roberson*, 517 F.3d 990, 995 (8th Cir. 2008); *United States v. Berggren*, 267 Fed. Appx. 868, 870 (11th Cir. 2008). Mercado's insistence that the crack-cocaine disparity was "unwarranted" under § 3553(a)(6) is particularly unpersuasive here, as the Court imposed the statutory minimum sentence, and it was identical to that which Mercado would have received under Amendment 706 of the Sentencing Guidelines.

---

[2] Before the adoption of Amendment 706 in November of 2007, the Sentencing Guidelines reflected a uniform 100 to 1 crack/powder cocaine disparity. U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(c) (2006) (amended Nov. 2007). Under Amendment 706, the ratio varies, at different offense levels, between 25 to 1 and 80 to 1. U.S.S.G. § 2D1.1(c)(2008).

Second, Mercado asserts that the District Court believed – erroneously – that the Sentencing Guidelines were mandatory, and that a downward departure to reflect the crack-cocaine disparity was prohibited. For his position, Mercado relies entirely on the Court's failure specifically to cite *Kimbrough*; Mercado concedes that there is no affirmative evidence in the record of any misapprehension. In any event, we identify clear evidence in the record evincing the District Court's awareness of its discretion to deviate from the Guidelines. The Court stated, "Although I am required to start with the Guidelines as an initial benchmark, I will not presume that the Guidelines is [sic] reasonable. Rather, I will make an individualized assessment based upon the facts presented." A. 19. The District Court also cites *United States v. Gunter*, where we recognized a district court's discretion to deviate from the Guidelines. 462 F.3d 237, 248 (3d Cir. 2006). In *Gunter*, we stated, "a sentencing court errs when it believes that it has no discretion to consider the crack/powder cocaine differential incorporated in the Guidelines," and that "district courts may consider the crack/powder cocaine differential in the Guidelines as a factor, but not a mandate, in the post-*Booker* sentencing process." *Id*. Because we conclude that the District Court properly understood that the Guidelines were advisory rather than mandatory, we reject Mercado's second contention.

Finally, Mercado argues that his sentence should be vacated and his base offense level recalculated under an amendment to the Guidelines that was adopted after entry of his guilty plea. Mercado's argument fails at the outset, however, because he *was*

4

sentenced under Amendment 706 and, as indicated earlier, received the statutory minimum sentence. A. 20.

For the foregoing reasons, we conclude that Counsel filed an adequate *Anders* brief, and that our independent review of the record reveals no appealable issues of arguable merit. Therefore, we will AFFIRM the judgment of the District Court and GRANT Counsel's motion to withdraw.