OPINION OF THE COURT
RENDELL, Circuit Judge.
Allen Guy seeks a reduction in his sentence, arguing that the District Court failed to consider whether his age, medical condition, and cooperation with the government warranted a sentence below the applicable guideline range under 18 U.S.C. § 3553(a). Because we conclude that the District Court adequately weighed these considerations, we will affirm the order of the District Court.
Appellant Allen Guy pled guilty to one count of possession with intent to distribute five grams or more of crack cocaine in violation of 21 U.S.C. § 841(a), (b)(1)(B)(iii), and was sentenced to 212 months in prison — a term within his guidelines range of 188 to 235 months. On appeal, Guy maintains that his sentence was unreasonable, arguing that the District Court did not properly consider the § 3553(a) factors. Specifically, Guy, who was 52 years old at sentencing, contends that his age, medical condition, and cooperation with the government warrant a sentence below his guidelines range. We ini *156 tially observe that Guy has the burden of demonstrating his sentence was unreasonable, and reiterate that a sentence within the guidelines range is more likely to be reasonable than one outside the guidelines range. See United States v. Cooper, 437 F.3d 324, 331-32 (3d Cir.2006). Although “[t]here are no magic words that a district judge must invoke when sentencing,” the record must “demonstrate that the court considered the § 3553(a) factors and any sentencing grounds properly raised by the parties which have recognized legal merit and factual support in the record.” Id. at 332.
Here, the District Court carefully considered factors supporting lenience: Guy’s age, his “difficult economic circumstances,” his numerous medical afflictions, including “hepatitis C, hypertension, ... diabetes ... [and] depression,” and his cooperation with the government in the prosecution of a large drug ring. A. 56-57, 60-61. Nonetheless, the Court concluded that these considerations were overshadowed by § 3553(a) factors favoring a lengthy prison term. A career offender, Guy had fifteen prior convictions, eleven of which were for drug offenses and crimes of violence, including murder. A. 60. In the Court’s view, Guy’s substantial criminal history, coupled with his heroin addiction and unlawful possession of a firearm, demonstrated a “strong likelihood of recidivism” and evinced a fundamental lack of “respect for human life or the law.” A. 60-62. Guy’s commission of his most recent offense while on parole also convinced the Court that continued leniency would be ill-advised. A. 60-61. A lengthy sentence, the Court concluded, was necessary to provide “just punishment and deter the defendant from becoming reinvolved with drugs and violence.” A. 61-62.
Although Guy urged that his substantial cooperation with the government warranted a reduced sentence, the Court reasonably concluded that Guy’s plea bargain, which defense counsel lauded as “generous” and a “good charge bargain ... in consideration for his cooperation,” appropriately reflected his assistance. A. 53-54, 61. The Court astutely observed, “[H]ad the defendant pled to the indictment based upon the drug amounts for which he is responsible he would have faced a mandatory minimum of 360 months to life.” A. 61. On this record, we readily conclude that Guy’s sentence of 212 months, imposed after careful evaluation of the § 3553(a) factors, was reasonable.[1]
Accordingly, we will AFFIRM the order of the District Court.

. In the section of his brief entitled “Summary of Argument,” Guy urges that "although not argued at sentencing, the disparity between the crack and cocaine powder guidelines also justifies a variance.” Appellant’s Br. at 11. Even assuming, arguendo, that the argument is properly before us, the District Court's failure to consider the crack-cocaine disparity sita sponte was not error. See United States v. Roberson, 517 F.3d 990, 995 (8th Cir.2008); United States v. Berggren, 267 Fed. Appx. 868, 870 (11th Cir.2008).