# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 06-3458

_____

United States of America,          *
                                   *
        Appellee,                  *
                                   *
    v.                             *
                                   *
Robert Leon Roberson,              *
                                   *
        Appellant.                 *

_____

No. 06-3663                     Appeals from the United States
                               District Court for the
_____                    District of Minnesota.

United States of America,          *
                                   *
        Appellee,                  *
                                   *
    v.                             *
                                   *
Donald Leonard Sturgis,            *
                                   *
        Appellant.                 *

_____

Submitted:  September 25, 2007
Filed:  February 7, 2008

_____

Before WOLLMAN, HANSEN, and RILEY, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Robert Leon Roberson and Donald Leonard Sturgis appeal their sentences as unreasonable on the grounds that the district court failed to adequately consider the factors in 18 U.S.C. § 3553(a) or to enunciate its reasons under 18 U.S.C. § 3553(c). They also argue that the district court deprived them of their Sixth Amendment rights by basing their sentences on drug quantities not found by a jury and challenge the appellate presumption of reasonableness. Also at issue is the district court's reliance on the 100:1 disparity between powder and crack cocaine quantities in the sentencing guidelines. Additionally, Sturgis raises two arguments *pro se*. Although the district court did not err under then-current precedent, we now vacate the sentences and remand for resentencing.

I. Background

The defendants were each convicted of conspiracy to distribute 50 grams or more of cocaine base ("crack cocaine") and of aiding and abetting possession with intent to distribute 50 grams or more of crack cocaine. Based on the involvement of 509 grams of crack cocaine, Sturgis was sentenced to 360 months' imprisonment and Roberson was sentenced to 198 months. The first time they appealed, we upheld their convictions but remanded for resentencing in light of United States v. Booker, 543 U.S. 220 (2005). United States v. Roberson, 439 F.3d 934 (8th Cir. 2006). At each resentencing hearing, the district court again based the guidelines range on 509 grams of crack cocaine. Upon being resentenced to the same terms, the defendants again appealed.

II. Analysis

We review a sentence to ensure that it is reasonable in light of the factors in 18 U.S.C. § 3553(a) and will not reverse unless the district court abused its discretion. United States v. Donnelly, 475 F.3d 946, 955 (8th Cir. 2007); United States v. Thundershield, 474 F.3d 503, 507 (8th Cir. 2007). On appeal, a sentence within the guidelines is presumptively reasonable. Donnelly, 475 F.3d at 955; see Rita v. United States, 127 S. Ct. 2456, 2462 (2007) (permitting the use of non-binding appellate presumptions). We review the district court's application of the sentencing guidelines *de novo*. Thundershield, 474 F.3d at 507.

The first step in the sentencing process is to determine the proper guidelines range for the defendant's sentence. Gall v. United States, 128 S. Ct. 586, 596 (2007); Thundershield, 474 F.3d at 506-07. A court should then consider whether a departure or a variance is appropriate and apply the factors in 18 U.S.C. § 3553(a). Gall, 128 S. Ct. at 596-97; Thundershield, 474 F.3d at 506-07. Indications that the sentence may be unreasonable include: failing to consider a relevant and significant factor, giving significant weight to an irrelevant or improper factor, and imposing a sentence outside the guidelines range that is clearly in error and unjustified by the facts. Donnelly, 475 F.3d at 955.

A.   Determining the Guidelines Range

The district court properly based the guidelines range on 509 grams of crack cocaine, which resulted in a base offense level of 36, and did not err in rejecting defendants' argument that it instead use a quantity of 50 grams, which would have resulted in a base offense level of 32. See United States Sentencing Commission, Guidelines Manual, § 2D1.1(c) (2003). The base offense level in cases involving aiding-and-abetting and conspiracy convictions must reflect all of the relevant conduct. Id. § 1B1.3(a)(1). The jury found both defendants guilty of conspiracy to

distribute 50 grams or more of crack cocaine and of aiding and abetting one another to possess with intent to distribute 50 grams or more of crack cocaine. Defendants did not dispute, either at trial or on appeal, that the government offered into evidence approximately 509 grams of crack cocaine. Even if the actual possession of the drugs could be partitioned between the defendants, it would not affect the calculation of the applicable guidelines range because all the drugs possessed by both constitute relevant conduct under § 1B1.3(a)(1).

The defendants incorrectly argue that the district court violated their Sixth Amendment rights by basing their sentences on drug quantities not found by a jury. A judge may not impose a sentence greater than the maximum sentence that would be allowed based on the findings made by the jury and the facts admitted by the defendant. United States v. Booker, 543 U.S. 220, 232 (2005); United States v. Idriss, 436 F.3d 946, 950 (8th Cir. 2006). Under the now-advisory guidelines, a district court may still find its own facts that enhance the base offense level of the guidelines range, so long as the statutory maximum is not surpassed. Idriss, 436 F.3d at 948, 950-51; see Rita, 127 S. Ct. at 2465-66. Contrary to Roberson's mischaracterization of the verdict, the jury found that the defendants possessed 50 grams *or more* of crack cocaine, which is punishable by no less than 10 years and no more than life in prison. 21 U.S.C. § 341(b). The district court was therefore empowered to impose a sentence that considered judicially found facts so long as the sentence did not exceed life imprisonment.

B.     § 3553

Defendants challenge their sentences as unreasonable because the district court failed to adequately consider the factors in 18 U.S.C. § 3553(a) and failed to adequately explain the reasons for the sentence as required by § 3553(c). After determining the appropriate guidelines range, the district court must consider the factors listed in 18 U.S.C. § 3553(a). Thundershield, 474 F.3d at 506-07. At

sentencing, the court must "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). This does not mean that the district court must issue a full opinion in every case, but it "should set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." Rita, 127 S. Ct. at 2468. The appropriate length of the statement will vary by case and may be relatively brief if the district court rests its decision on the Sentencing Commission's reasoning and "decides simply to apply the Guidelines to a particular case." Id. More may be appropriate in an atypical situation or in response to non-frivolous arguments for a different sentence. Id. While it is preferable that district courts address each § 3553(a) factor at sentencing, that degree of specificity is not necessarily required. United States v. Otterson, 506 F.3d 1098, 1100 (8th Cir. 2007).

Regarding Sturgis, the district court adequately considered the § 3553(a) factors and adequately explained its reasons under § 3553(c). It noted that the guidelines range in the absence of a career offender enhancement would have been 292 to 365 months, and that after such enhancement the range became 360 months to life. The court also noted that none of the factors in § 3553(a)(2) or any other part of the statute justified a lower sentence, especially because Sturgis chose to commit this crime despite having a family and serving 30 years of probation that he had received from a prior conviction instead of imprisonment. After further discussion of Sturgis's status as a career offender and his unwillingness to become a law-abiding citizen, the court concluded that the 360-month sentence was "justified under the statutory factors" and therefore reimposed that sentence. Although the district court did not address the kinds of sentences available or the need for restitution, neither of those considerations was particularly applicable in this case. See 18 U.S.C. § 3553(a)(3) & (7). We are satisfied that the district court considered the arguments that Sturgis advanced regarding the sentence to be imposed and that the sentence it imposed was a reasonable one.

Regarding Roberson, the district court also adequately considered the § 3553(a) factors and adequately explained its reasons under § 3553(c). The district court addressed the need for uniformity in sentences for similar crimes discussed in § 3553(a)(6). Likewise, it expressly stated that the sentence reflected the factors discussed in § 3553(a)(2). The court also referred to some portions of the presentence report that discussed Roberson's personal and family data, which are relevant under § 3553(a)(1). Continuing, the district court observed that, referring to background, conduct in prison, and family situation,

> these are all things that lead to the conclusion that a sentence in the mid-range rather than at the very bottom of the guideline range is a fair sentence. It takes into account the seriousness of the actual criminal conduct in this case, and the need to protect the community. It's just punishment. And it's necessary in view of all the appropriate sentencing considerations.

Roberson Resentencing Hr'g Tr. 31-32. The district court's statements, although perhaps a bit abbreviated, satisfy us that it adequately considered Roberson's arguments and then reached a reasonable decision.

C.    Consideration of the Crack/Powder Sentencing Disparity

The district court ignored Roberson's and Sturgis's arguments for lighter sentences based on the 100:1 disparity between crack and powder cocaine under the guidelines. Previously, we have expressly refused to authorize such a consideration. United States v. Spears, 469 F.3d 1166, 1176 (8th Cir. 2006) (en banc) ("[N]either Booker nor § 3553(a) authorizes district courts to reject the 100:1 quantity ratio and use a different ratio in sentencing defendants for crack cocaine offenses."), *vacated and remanded*, 2008 WL 59232 (U.S. Jan. 7, 2008) (No. 06-9864 ) (remanding for further consideration in light of Kimbrough v. United States, 128 S. Ct. 558 (2007)). Kimbrough held that the sentencing court did not abuse its discretion by considering

the disparity between crack and powder cocaine sentences.  Id.  More specifically, a district court acts within its discretion if it considers the crack/powder disparity in finding that a within-guidelines sentence is "'greater than necessary' to serve the objectives of sentencing."  Id. at 564 (quoting 18 U.S.C. § 3553(a) (2007)).

We do not believe, though, that Kimbrough means that a district court now acts unreasonably, abuses its discretion, or otherwise commits error if it does not consider the crack/powder sentencing disparity.  True, the Supreme Court took a dim view of the extent of the disparity and was supportive of the Commission's efforts to reduce it, see Kimbrough, 128 S.Ct. at 564, 567-68, but it did not appear to mandate that district courts consider the disparity in all sentences for crimes involving crack cocaine.  Accordingly, we decline to go beyond the facial holding in Kimbrough by requiring that district courts consider the crack/powder disparity.

Normally, a district court that is aware of an argument does not abuse its discretion by not considering it.  United States v. Miles, 499 F.3d 906, 909-10 (8th Cir. 2007).  When a district court does not consider an argument because it is unaware of its power to do so, however, a remand is appropriate.  See, e.g., United States v. Lewis, 249 F.3d 793, 795 (8th Cir. 2001).  In Lewis, we could not determine from the record whether the district court was aware of its authority to grant a downward departure, and thus we remanded the case to allow the district court to exercise its discretion in deciding whether to grant or deny the downward departure.  Id.  In this case, the district court said nothing in either Roberson's or Sturgis's sentencing hearing about the disparity.  It is unclear whether the district court declined to use its discretion in the requested manner because of then-current Eighth Circuit precedent or because it did not find that the disparity warranted any variance from the guidelines.  We therefore vacate the sentences and remand to the district court so that it may reconsider the sentences in light of Kimbrough.

-7-

D.    Other Arguments

Our disposition of the sentences renders moot the argument regarding the alleged improper presumption of reasonableness applied by the district court.

In his *pro se* brief, Sturgis argues that the career offender sentence enhancement violates the Sixth Amendment because the jury is not required to find beyond reasonable doubt that the prior convictions actually occurred.  The argument is without merit.  See United States v. Booker, 543 U.S. 220, 244 (2005).  In his *pro se* reply brief, Sturgis further argues that his prior convictions should not have been considered because he did not receive pretrial notice under 21 U.S.C. § 851.  This assertion is also without merit.

The sentences are vacated and the cases are remanded to the district court for further proceedings.

_____