# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3049

_____

| | |
|---|---|
| United States of America | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the Northern |
| | * District of Iowa. |
| Donovan Walter Swanson, | * |
| | *   [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted: April 15, 2008
Filed: December 5, 2008

_____

Before LOKEN, Chief Judge, JOHN R. GIBSON, and MELLOY, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

Donovan Walter Swanson appeals the district court's[1] revocation of his supervised release and imposition of sentence. We affirm the judgment.

On August 21, 2000, Swanson pleaded guilty to manufacturing and attempting to manufacture 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). The district court sentenced Swanson to 75 months' imprisonment, five years of supervised release, and a $100 special assessment.

---

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

Swanson began his supervised release on November 1, 2004. Six weeks later, Swanson tested positive for methamphetamine. Over the next eighteen months, Swanson tested positive for methamphetamine four more times. During this time frame, the district court modified the terms of his supervised release, requiring additional testing. After his fifth positive test, the court ordered Swanson to provide twice weekly urine samples for testing. These samples were negative. Swanson's probation officer found out, however, that the hospital staff conducting the drug tests failed to observe individuals providing urine samples, increasing the risk that individuals could substitute someone else's urine for their own.

Swanson 's probation officer asked Swanson to come to the probation office to have a sweat patch applied. A sweat patch is worn for two weeks, removed, and tested for controlled substances. On July 17, 2007, Swanson came to the probation office in Sioux City, Iowa, and an officer applied a sweat patch. Swanson returned on July 31, and the officer removed that patch and applied a second one. The officer told Swanson to return in two weeks to have the patch removed. Swanson did not return, leaving a message that he did not have time to travel to Sioux City because of his new job and that he had taken it upon himself to return to the hospital for a urine sample.

The patch removed on July 31 tested positive for both amphetamine and methamphetamine. After a hearing, the district court revoked Swanson's supervised release, finding by a preponderance of the evidence that Swanson violated the terms of his supervised release. The court sentenced Swanson to twenty-two months in prison and twenty-four months' of supervised release thereafter.

Swanson first argues that the district court abused its discretion in revoking his supervised release because the government failed to prove that he violated his release conditions. He contends that the positive sweat patch test does not support the finding that Swanson used controlled substances because there was no evidence that the

-2-

probation officer was qualified to administer the test. He also argues that there was a possibility that the sweat patch results were not valid because the patch could have been contaminated. Swanson 's evidence of possible contamination is that the second patch was falling off during his revocation proceeding.

The district court did not abuse its discretion in revoking Swanson's supervised release. The positive sweat patch test supports the finding that Swanson used controlled substances while on release. See United States v. Meyer, 483 F.3d 865, 869-70 (8th Cir. 2007). There is no evidence that the probation officer lacked the qualifications to administer the sweat patch test or interpret the results. Cf. United States v. Zubeck, 248 F. Supp. 2d 895, 897-98 (W.D. Mo. 2002) (testimony that person administering the test was not qualified). Likewise, that Swanson's second sweat patch was falling off during his revocation hearing, three weeks later, does not suggest that the first patch could have been contaminated.

Next, Swanson argues that the district court abused its discretion in sentencing him because the court failed to consider the factors set forth in 18 U.S.C. § 3553(a). Swanson has the burden to show that his sentence should have been lower based on those factors. United States v. Roberson, 517 F.3d 990, 994-95 (8th Cir. 2008). The court need not state its reasons for its imposition of a sentence, so long as it is clear from the record that the court considered the section 3553(a) factors. See id. at 994. Here, the court discussed Swanson's multiple violations of his supervised release and his history of drug abuse. The court commented on Swanson's failed efforts to rehabilitate, waste of government resources and lack of candor about his drug problem. The court's discussion satisfies us that it adequately considered Swanson's argument and then reached a reasonable decision in sentencing Swanson.

We affirm the judgment.

_____