# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3054

_____

United States of America,                 *
                                          *
              Appellee,                   *
                                          *    Appeal from the United States
       v.                                 *    District Court for the
                                          *    Southern District of Iowa.
Robert Allen Gentry Johnson,              *
also known as Worm,                       *
                                          *
              Appellant.                  *

_____

Submitted:  May 15, 2009
Filed:  July 28, 2009

_____

Before WOLLMAN, JOHN R. GIBSON, and MURPHY, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

        Robert Allen Gentry Johnson pleaded guilty to conspiring to distribute at least fifty grams of a mixture or substance containing cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846, and was sentenced to 168 months' imprisonment. He appeals from his sentence and from the district court's[1] denial of his motion for independent testing of the seized drugs.  We affirm.

_____

        [1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

In November 2007, Johnson pleaded guilty to conspiring with co-defendant David Richard to distribute at least fifty grams of a substance containing cocaine base, also known as crack cocaine. As the factual basis for the plea, the government explained that 56.30 grams of cocaine base were seized from Richard during a traffic stop. Thereafter, Richard assisted law enforcement officers in two controlled purchases, the first of which involved 27.86 grams of cocaine base and the second, 52.80 grams. The government stated that Richard also agreed to testify against Johnson. Richard would testify that the drugs he possessed in the traffic stop came from "Worm," who was later identified as Johnson, and that he frequently purchased drugs from Johnson between February and July 2007. The presentence investigation report attributed 2.35 kilograms of cocaine base to the conspiracy, but the parties later stipulated that the conspiracy involved 1.8 kilograms of cocaine base.

Notwithstanding this stipulation and the laboratory reports from Iowa's Division of Criminal Investigation that confirmed that the substances seized during the investigation were cocaine base, Johnson moved in June 2008 for independent testing of the seized drugs. The district court denied the motion, and the case proceeded to sentencing.

The district court determined that Johnson's Guidelines sentencing range was 168 to 210 months' imprisonment. Johnson urged the district court to grant a downward variance to 120 months' imprisonment, the mandatory minimum under 21 U.S.C. § 841(b)(1)(A), because of the sentencing disparity between crack and powder cocaine. In response, the district court stated:

> I have considered the defendant's arguments concerning the disparity between crack and powder cocaine and note that the Sentencing Commission did amend the Guidelines as of last November 1st to ameliorate some of the unwarranted disparity between powder and crack cocaine; but even if this were powder cocaine, the amount is so greatly

in excess of that which commands a mandatory minimum term of 10 years incarceration.

Defense counsel pointed out that this statement was in error, because if Johnson had been sentenced for conspiring to distribute 1.8 kilograms of powder cocaine, the mandatory minimum sentence would have been five years under 21 U.S.C. § 841(b)(1)(B). The district court replied, "I stand corrected. It doesn't change my sentence, but I stand corrected on that issue."

Johnson also argued that he should receive the same ten-year term of imprisonment imposed upon Richard. The government noted that Richard's Guidelines range had been the same as Johnson's, even though Johnson was Richard's supplier. After noting that it had departed downward in Richard's case because Richard had provided early and substantial assistance to the government, the district court sentenced Johnson to 168 months' imprisonment, concluding that a sentence at the bottom of the sentencing range was sufficient, but not greater than necessary to address the essential sentencing considerations.

Johnson argues that his Guidelines-range sentence is unreasonable because the district court failed to sufficiently consider the impact of the crack/powder disparity on Johnson's sentence and because Richard's sentence was four years less than Johnson's. We review a sentence to ensure that it is reasonable in light of the factors in 18 U.S.C. § 3553(a) and will not reverse unless the district court abused its discretion. United States v. Roberson, 517 F.3d 990, 993 (8th Cir. 2008).

In Kimbrough v. United States, 128 S. Ct. 558 (2007), the Supreme Court held that a district court acts within its discretion when it considers the crack/powder disparity in finding that a Guidelines-range sentence is greater than necessary to serve the objectives of sentencing. This is true "even in a mine-run case." Id. at 575. If there was any question about the extent of a district court's discretion in such cases,

-3-

it was laid to rest by the Court's later holding that "we now clarify that district courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines." Spears v. United States, 129 S. Ct. 840, 843-44 (2009) (per curiam). In light of Spears, our statement that "we decline to go beyond the facial holding in Kimbrough by requiring that district courts consider the crack/powder disparity," Roberson, 517 F.3d at 995, may have understated the scope of Kimbrough's holding. We need not consider that question further, however, for, as set forth above, the district court acknowledged its power to vary from the Guidelines sentence to address the sentencing disparity and chose not to. Moreover, given the holding in Spears, we now can assume that district courts will give due consideration to requests that they exercise their authority to vary from the crack-cocaine Guidelines.

The district court did not abuse its discretion in sentencing Johnson to 168 months' imprisonment, the bottom of the Guidelines range. The district court considered the § 3553(a) factors, finding that the difference between Johnson's and Richard's sentences was warranted because Richard had cooperated with the police and identified Johnson as his supplier. The district court determined that the Guidelines-range sentence, to which we accord a presumption of reasonableness, see, e.g., United States v. Zastrow, 534 F.3d 854, 856 (8th Cir. 2008); United States v. Perkins, 526 F.3d 1107, 1110 (8th Cir. 2008), adequately addressed the circumstances of Johnson's case. We conclude that the sentence imposed is reasonable and that the district court adequately explained its reasons for imposing it.

Johnson also argues that the district court abused its discretion when it denied his motion for independent testing to confirm that the drugs seized consisted of cocaine base. See United States v. Ortega, 150 F.3d 937, 945 (8th Cir. 1998) (standard of review). Johnson was well aware that it was the government's burden to prove that he joined in an agreement to distribute cocaine base and that Iowa's Division of Criminal Investigation had found that the drugs were cocaine base. Yet

he did not request an independent analysis of the seized drugs until after he pleaded guilty. We find no abuse of discretion in the district court's decision to deny independent testing. Cf. id. (no abuse of discretion in the denial of defendant's post-trial motion for independent analysis where evidence had been made available to defendant since time of seizure but defendant did not avail himself of the opportunity to test it); United States v. Holland, 884 F.2d 354, 357 (8th Cir. 1989) (no abuse of discretion in denial of similar mid-trial motion).

The judgment is affirmed.

_____