# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3977

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Ronald Williams, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: November 17, 2009
Filed: December 21, 2009

_____

Before WOLLMAN, RILEY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Ronald Williams appeals from his sentence, arguing that it is unreasonable because the district court[1] refused to consider the crack/powder cocaine disparity. We affirm.

In 2003, Williams pled guilty to conspiring to distribute more than fifty grams of crack cocaine and distributing crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court imposed a sentence of 262 months' imprisonment. On

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

appeal, we affirmed Williams's conviction and remanded the case to the district court for resentencing under United States v. Booker, 543 U.S. 220 (2005). United States v. Killingsworth, 413 F.3d 760 (8th Cir. 2005).

At resentencing, the district court calculated an advisory guidelines range of 262 to 327 months' imprisonment and sentenced Williams to 204 months' imprisonment. Williams appealed, challenging the reasonableness of his sentence, and we affirmed. United States v. Williams, 222 Fed. Appx. 531 (8th Cir. 2007) (unpublished).

Following the issuance of its decision in Kimbrough v. United States, 552 U.S. 85 (2007), the Supreme Court granted Williams's petition for certiorari, vacated the judgment, and remanded the case to us. Williams v. United States, 128 S. Ct. 861 (2008). We, in turn, remanded this case to the district court for resentencing in light of Kimbrough and Amendment 706 of the United States Sentencing Guidelines.

At Williams's second resentencing, the district court reduced Williams's base offense level by two levels pursuant to the amendments to the crack cocaine guidelines. The court calculated Williams's advisory guidelines range to be 210 to 262 months and sentenced Williams to 148 months' imprisonment. The district court stated that it was departing from the guidelines by the same proportion as it had in the first resentencing and that it was incorporating into the record the reasons for departure that the court articulated at the first resentencing. The district court then stated: "With respect to whether it should go below that, further below that, I'm not going to get into the crack cocaine disparity that [Williams] asks that I get into. I recognize that it is there." The district court concluded: "I've looked again at the factors set forth in 3553(a) and in my view a sentence at 148 months is the reasonable sentence that satisfies each of those factors."

Williams argues that the district court's refusal to consider the crack/powder cocaine disparity renders his sentence unreasonable. We review a sentence to ensure that it is reasonable in light of the 18 U.S.C. § 3553(a) factors and will reverse only if the district court abused its discretion. United States v. Johnson, 574 F.3d 570, 572 (8th Cir. 2009).

In Kimbrough, the Supreme Court held that a sentencing court acts within its discretion when it concludes that the crack/powder cocaine disparity yields a sentence greater than necessary to serve the objectives of sentencing. 552 U.S. at 110. The Supreme Court later clarified that a sentencing court may depart from the guidelines based solely on policy considerations. Spears v. United States, 129 S. Ct. 840, 843-44 (2009). In the present case, the district court recognized its power to consider the sentencing disparity and determined that the 148-month sentence was sufficient but not greater than necessary to serve the objectives of sentencing. See Johnson, 574 F.3d at 573 (affirming the district court's sentence because the court "acknowledged its power to vary from the Guidelines sentence to address the sentencing disparity and chose not to"). Thus, we find no abuse of discretion.

The judgment is affirmed.

_____