# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1575

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| Robert Leon Roberson, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: February 9, 2010
Filed: April 6, 2010

_____

Before WOLLMAN, HANSEN, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Robert Leon Roberson appeals from the sentence imposed following the second remand of his case for resentencing, arguing that the district court[1] did not properly recognize its discretion under Kimbrough v. United States, 552 U.S. 85 (2007), and failed to consider the factors set forth in 18 U.S.C. § 3553(a). We affirm.

After Roberson was convicted of certain drug charges, the district court determined that the applicable guidelines range was 188 to 235 months and sentenced

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

Roberson to 198 months' imprisonment. On appeal, we affirmed the conviction, but remanded for resentencing in light of United States v. Booker, 543 U.S. 220 (2005). United States v. Roberson, 439 F.3d 934 (8th Cir. 2006). At the first resentencing, the district court determined that the applicable guidelines range remained 188 to 235 months and again sentenced Roberson to 198 months' imprisonment. On appeal from resentencing, we concluded that the district court had adequately considered the § 3553(a) factors and had adequately explained its reasons for imposing the sentence. United States v. Roberson, 517 F.3d 990, 994-95 (8th Cir. 2008). Although the sentence was reasonable, we remanded the case for resentencing in light of Kimbrough v. United States, 552 U.S. 85 (2007). Id. at 995.

At Roberson's second resentencing, the district court determined that the applicable guideline range was 151 to 188 months based on the amended crack cocaine guidelines. The district court explained:

> [A]t the time you first were sentenced, we didn't have the ability to sentence outside the guideline range. Now, obviously, we do if that's appropriate. We sentenced you again. . . . [W]e didn't have the case that said you can take into account the crack cocaine, powder cocaine [disparity], so then we took that. And you've been convicted of a very, very serious crime, and you get a very serious sentence, but it's less now than it was before.

After considering Roberson's personal characteristics and the threat he may pose to the community upon release, the district court sentenced Roberson to 151 months' imprisonment.

We reject Roberson's contention that the district court failed to recognized its discretion under Kimbrough. In Kimbrough, the Supreme Court held that a sentencing court acts within its discretion when it concludes that the crack/powder cocaine disparity yields a sentence greater than necessary to serve the objectives of

sentencing. 552 U.S. at 110. In the present case, the district court recognized its power to consider the sentencing disparity and decided to impose a sentence within the guidelines range. See United States v. Johnson, 574 F.3d 570, 573 (8th Cir. 2009) (affirming the district court's sentence because the court "acknowledged its power to vary from the Guidelines sentence to address the sentencing disparity and chose not to").

Roberson's argument that the district court failed to consider the § 3553(a) factors is without merit. The district court acknowledged the seriousness of the offense, the need to protect the community from further crimes, and Roberson's personal characteristics. Although Roberson contends that the district court did not mention the need to provide Roberson with education, training, treatment or medical care, a mechanical recitation of the sentencing factors is not required. See United States v. Otterson, 506 F.3d 1098, 1100 (8th Cir. 2007). We are satisfied that the district court adequately considered the factors set forth in § 3553(a).

The sentence is affirmed.

_____