BRIGHT, Circuit Judge,
concurring in part and dissenting in part.
Although I concur in all other respects, I respectfully dissent from the majority’s affirmance of these crack cocaine sentences. I believe that the sentencing record in Bowie’s case insufficiently resolves the important issue of whether the sentencing court considered Bowie’s request for a variance based on the crack/powder disparity present in the guidelines. As for Edwards, I believe vacation and remand is appropriate in light of the recently enacted law that partially remedies the crack/powder sentencing disparity.
1. Defendant Bowie
The sentencing issue in Bowie’s appeal concerns whether a district court need respond to a defendant’s principal and potentially meritorious argument for a variance from the guidelines. The majority concludes it need not. I disagree.
Bowie squarely presented the district court with a request to vary from the crack cocaine guidelines on the basis of their inequity with the guidelines for powder cocaine. In a well-written six-page motion, defense counsel briefed the district court on the follies and injustices of the crack cocaine guidelines. (Def. Mot. for Downward Variance (Feb. 17, 2009)). The *820 memorandum discussed the court’s discretion to vary and explained that the Minnesota Supreme Court (the state in which Bowie was prosecuted) concluded two decades ago that the inequitable crack/powder ratio denied African Americans equal protection under the law. See State v. Russell, 477 N.W.2d 886, 889 (Minn.1991).
Defense counsel acknowledged the seriousness of crimes perpetrated by street gangs, but asked the court for the individualized consideration that § 3553(a) requires. Bowie again requested a variance at the sentencing hearing and argued for imposition of the ten-year mandatory minimum rather than a sentence based on the crack cocaine guidelines. (Sent. Tr. at 16-20 (Mar. 12, 2009)). The government acknowledged that the sentencing court could, but need not, vary based on the disparity. (Sent. Tr. at 38).
The Supreme Court has recognized that application of the crack cocaine guidelines presents special problems. As explained in Kimbrough, the original crack cocaine guidelines “did not take account of empirical data and national experience.” Kimbrough v. United States, 552 U.S. 85, 109-110, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007) (quotation omitted). And the Commission’s 2007 attempt to remedy the disparity provided only a “partial remedy for the problems generated by the crack/powder disparity....” Id. at 100, 128 S.Ct. 558 (quotation omitted). The Court further explained, “[ijndeed, the Commission itself has reported that the crack/powder disparity produces disproportionately harsh sanctions, i.e., sentences for crack cocaine offenses ‘greater than necessary’ in light of the purposes in sentencing set forth in § 3553(a).” Id. at 110, 128 S.Ct. 558. This may occur “even in a mine-run case.” Id.
Although the district court discussed the § 3553(a) factors, it said nothing in rejecting Bowie’s request for a downward variance from guidelines that the Supreme Court has described as not exemplifying “the Commission’s exercise of its characteristic institutional role.” Id. at 109, 128 S.Ct. 558.
The majority states, “[ajlthough it would have been preferable for the district court to address explicitly Bowie’s motion for a downward variance based on the sentencing disparity, we find no error in the district court’s failure to do so.” Maj. op. at 811. To support its holding, the majority relies on United States v. Boyce, 564 F.3d 911, 917 (8th Cir.2009), where this court stated, “[t]he district court need not respond to every argument advanced by a defendant,” and where “[bjoth [defense counsel] and the government commented on the district court’s discretion to consider this disparity, ... we may presume the district court was aware of this policy guidance.”
I strongly disagree with such a presumption in light of Bowie’s well-presented request for a variance from the problematic crack cocaine guidelines and the importance of the issue. First, says the majority, since the parties argued for a variance, let’s presume the court was aware of it. Next, the majority suggests that from silence we may infer the rejection of Bowie’s motion. Finally, the majority affirms this questionable logic with the easy statement that a court need not respond to every argument advanced by a defendant.
It should not be this way. In United States v. Roberson, the district court “ignored” the defendant’s arguments for a lighter sentence based on the crack/powder disparity. 517 F.3d 990, 995 (8th Cir.2008). This court vacated and remanded for resentencing. Id. The Roberson court noted that in a previous case, we remanded where “we could not determine from the record whether the district court was *821 aware of its authority to grant a downward departure...." Id. (citing United States v. Lewis, 249 F.3d 793, 795 (8th Cir.2001)). And in Roberson, the district court’s silence left “unclear” its reasons for not varying from the crack cocaine guidelines. Id. Likewise here, we simply do not know whether the busy district court chose not to exercise its discretion, or, presented with numerous arguments at sentencing, simply neglected to consider Bowie’s motion.
The Seventh Circuit has explained why district courts need at least “address all of a defendant’s principal arguments.” United States v. Villegas-Miranda, 579 F.3d 798, 801 (7th Cir.2009). “We cannot have much confidence in the judge’s considered attention to the factors in this case, when he passed over in silence the principal argument made by the defendant even though the argument was not so weak as not to merit discussion....” Id. at 801-02 (quoting United States v. Cunningham, 429 F.3d 673, 679 (7th Cir.2005)). “A judge who fails to mention a ground of recognized legal merit ... is likely to have committed an error or oversight. Even if the sentencing court stated convincing reasons for the sentence it imposed ... silence in response to a defendant’s principal argument [is not] harmless error because we can never be sure of what effect it had, or could have had, on the court’s decision.” Id. at 802 (quotation and parenthesis omitted).
To be sure, our circuit does not require a sentencing court to respond to every argument advanced by a defendant. See Roberson, 517 F.3d at 995. But neither does the Seventh Circuit. See Cunningham, 429 F.3d at 678. Bowie’s request for a variance on the basis of the crack/powder disparity in the guidelines merited discussion, and we should not affirm the district court’s silence on this important issue. The presentation by defense called for reasons, not silence.
2. Defendant Edwards
With respect to Edwards, the district court explicitly explained its decision not to exercise its discretion to vary from the crack cocaine guidelines. Relying on the crack cocaine guidelines, the district court imposed a 206-month sentence (17 years 2 months), arrived at by starting at the guidelines recommended sentence of 360-months’ imprisonment (30 years) and giving Edwards various credit for time served. However, I believe vacation and remand of Edwards’s sentence is appropriate in light of the recent Congressional enactment signed into law on August 3, 2010, which reduces the crack/powder disparity. See Fair Sentencing Act of 2010, Pub.L. No. 111-220 (Aug. 3, 2010). The district court here applied the guidelines ratio, but in light of Congressional actions, the ratio should be reduced, even as low as a 1 to 1 ratio. Given this long overdue and excellent change in the law, Edwards’s sentence as well as Bowie’s should be vacated and remanded.