**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5124**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JORGE LUIS GARCIA,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:08-cr-00478-WO-1)

Submitted:  October 29, 2010          Decided:  November 19, 2010

Before GREGORY, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jonathan M. Milling, MILLING LAW FIRM, LLC, Columbia, South Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Jorge Luis Garcia pled guilty to possession of child pornography, in violation of 18 U.S.C.A. § 2252A(a)(6)(B), (b)(2) (West 2000 & Supp. 2010). The district court sentenced Garcia to seventy-eight months' imprisonment, the bottom of the advisory guidelines range. Garcia appeals his sentence, arguing that the district court erred by denying his motion for a downward variance and that he was denied effective assistance of trial counsel. For the reasons that follow, we affirm.

Garcia first argues that the district court abused its discretion by denying his motion for a downward variance. We review the district court's sentence, "whether inside, just outside, or significantly outside the Guidelines range," under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). In conducting this review, we first determine whether the district court committed any "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [2006] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id. at 51. "When rendering a sentence, the district court must make an individualized assessment based on the facts

2

presented," applying the "relevant § 3553(a) factors to the specific circumstances of the case before it." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and emphasis omitted). The court must also "state in open court the particular reasons supporting its chosen sentence" and "set forth enough to satisfy" this court that it has "considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." Id. (internal quotation marks omitted).

If the sentence is free from procedural error, we then review it for substantive reasonableness. Gall, 552 U.S. at 51. "Substantive reasonableness review entails taking into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'" United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quoting Gall, 552 U.S. at 51). Even if this court would have imposed a different sentence, "this fact alone is 'insufficient to justify reversal of the district court.'" Id. at 474 (quoting Gall, 552 U.S. at 51).

Garcia does not dispute that his guidelines range was properly calculated. He argues that his sentence is substantively unreasonable because, in refusing to downwardly vary, the court accepted the Sentencing Commission's policy

establishing a seventy-five-to-one video-to-still image ratio for child pornography.

We apply an appellate presumption that a sentence imposed within the properly calculated guidelines range is reasonable. United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008); see Rita v. United States, 551 U.S. 338, 346-56 (2007) (upholding appellate presumption of reasonableness for within-guidelines sentence). Garcia attempts to rebut the presumption by challenging the video-to-still image ratio.

Under USSG § 2G2.2 cmt. n.4(b)(ii), "[e]ach video, video-clip, movie, or similar recordings [of child pornography] shall be considered to have 75 images. If the length of the recording is substantially more than 5 minutes, an upward departure may be warranted." Garcia argues that the district court declined to exercise its legal reasoning by blindly relying on this provision, which he contends lacks supporting empirical data.

The district court specifically addressed Garcia's arguments concerning the seventy-five-to-one ratio and, while acknowledging its authority to disregard the policy, stated that it did not have a disagreeement with the guidelines. Under these circumstances, we conclude that the district court did not abuse its discretion and that Garcia's sentence is reasonable. Cf. United States v. Lopez-Reyes, 589 F.3d 667, 671 (3d Cir.

4

2009) (holding that, where a court has discretion to sentence below the guidelines range if it disagrees with Sentencing Commission policy, the court does not have to impose a below-guidelines sentence if it does not disagree), cert. denied, 130 S. Ct. 2362 (2010); United States. v. Roberson, 517 F.3d 990, 995 (8th Cir. 2008) (same).

Garcia also asserts that his attorney provided ineffective representation by failing to view the video images that were found on his computer. Unless an attorney's ineffectiveness is conclusively apparent on the face of the record, ineffective assistance claims are generally not addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir.), cert. denied, 129 S. Ct. 490 (2008); United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999) (providing standard and noting that ineffective assistance of counsel claims generally should be raised by motion under 28 U.S.C.A. § 2255 (West Supp. 2010). The record in this case falls short of this exacting standard.

For these reasons, we affirm Garcia's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5