**UNPUNISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4881**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

CORDELL LESTER SMITH,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.   Frank D. Whitney, District Judge.  (3:06-cr-00067-FDW-DCK-1)

Submitted:  February 25, 2011          Decided:  March 21, 2011

Before NIEMEYER, GREGORY, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Leslie Carter Rawls, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Cordell Lester Smith was convicted of possession with intent to distribute a quantity of crack cocaine, in violation of 21 U.S.C.A. § 841(a), (b) (West 1999 & Supp. 2010) (Count One), using and carrying one or more firearms during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2006) (Count Two), and possession of one or more firearms by a convicted felon, in violation of 18 U.S.C. § 922(g) (2006) (Count Three). The court sentenced Smith in November 2007 to a total of 197 months' imprisonment: 137 months on Count One, a concurrent 120 months on Count Three, and a consecutive sixty months on Count Two. On appeal, finding that the district court improperly presumed that a sentence within the guidelines range would be reasonable, this court vacated his sentence and remanded the case to the district court for resentencing. See United States v. Smith, 566 F.3d 410 (4th Cir. 2009), cert. denied, 130 S. Ct. 1100 (2010).

At resentencing, as at the original sentencing, the district court adopted the guidelines calculations established in the presentence report ("PSR"). Counts One and Three were grouped pursuant to U.S. Sentencing Guidelines Manual § 3D1.2(c) (2007). The guideline for Count One, possession with intent to distribute cocaine base, USSG § 2D1.1, produced a higher offense level, twenty-eight; consequently, under USSG § 3D1.3(a),

2

Smith's base offense level for Counts One and Three was twenty-eight. With an offense level of twenty-eight and a criminal history category of IV, Smith's guidelines range on Counts One and Three was 110 to 137 months' imprisonment. USSG ch. 5, pt. A (sentencing table). However, because the statutory maximum sentence for Count Three under 18 U.S.C. § 924(a)(2) (2006) was ten years, which was less than the top of the guidelines range, pursuant to USSG § 5G1.1(c)(1), Smith's guidelines range on Count Three became 110 to 120 months' imprisonment. Additionally, pursuant to USSG § 2K2.4, Smith's guidelines sentence on Count Two was five years' imprisonment.

Smith sought a downward variance sentence based on the disparity between sentences for powder cocaine and crack cocaine. After analyzing the 18 U.S.C. § 3553(a) (2006) sentencing factors and considering Smith's arguments for a below-guidelines sentence, the district court again sentenced Smith to 197 months' imprisonment. Smith timely appealed.

Counsel has filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), finding no meritorious grounds for appeal but questioning the reasonableness of Smith's sentence. Smith filed a pro se supplemental brief asserting additional claims. For the reasons that follow, we affirm.

This court reviews a sentence for reasonableness, applying an abuse of discretion standard. <u>Gall v. United</u>

3

States, 552 U.S. 38, 51 (2007); see also United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Gall, 552 U.S. at 51.

In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory guidelines range, considered the § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted).

After reviewing the record, we conclude that the district court properly calculated Smith's advisory guidelines range, considered the § 3553(a) factors, analyzed the arguments presented by the parties, and gave a thorough explanation of the sentence it selected. We therefore hold that Smith's sentence is procedurally reasonable. Where there is "no significant procedural error," the court next assesses the substantive reasonableness of the sentence, taking "'into account the totality of the circumstances, including the extent of any variance from the Guidelines range.'" United States v. Morace,

4

594 F.3d 340, 346-47 (4th Cir.) (quoting Gall, 552 U.S. at 51), cert. denied, 131 S. Ct. 307 (2010).

Smith's counsel questions whether the district court clearly erred by finding that Smith "probably" flushed drugs down the toilet and therefore probably possessed more than the 49.59 grams of crack attributable to him in the PSR. The court found that a preponderance of the evidence established that Smith "probably" was involved with more than fifty grams of crack because, when the officers executed the search warrant and entered his residence, they heard a toilet flush and encountered Smith emerging from the bathroom. Inside the bathroom, the officers discovered a glass plate with a small rock of crack, two sets of scales, and a razor blade.

Although the court determined Smith's offense level, and hence his guidelines range, solely upon the 49.59 grams seized from his bedroom, the issue of drugs flushed down the toilet arose in the context of Smith's request for a variance. Specifically, the court rejected counsel's assertion that Smith was merely a low level dealer when arguing for the variance, based in part on its conclusion that Smith had probably flushed additional drugs down the toilet and therefore was involved with more than 49.59 grams of crack.

Emphasizing that a search of the sewer lines from Smith's residence revealed no contraband, Smith's counsel

5

suggests that the court clearly erred by finding that Smith "probably" flushed drugs down the toilet. We disagree. Given that there was crack belonging to Smith elsewhere in the house, a small quantity of crack in the bathroom along with indicia of drug dealing, and the fact that Smith flushed the toilet and emerged from the bathroom as the officers entered the residence, we conclude that the court did not clearly err by finding that it was more likely than not that Smith flushed drugs down the toilet and therefore was probably involved with more than the 49.59 grams for which he was held accountable. Cf. United States v. Kiulin, 360 F.3d 456, 461 (4th Cir. 2004) (holding that preponderance of the evidence supported findings of drug quantity for sentencing purposes where it "was more likely than not that the defendant was responsible for at least the drug quantity attributed to him").

Next, Smith's counsel questions whether the court failed to adequately consider the disparity between the powder cocaine and crack cocaine guidelines when sentencing Smith to a within-guidelines sentence. The court addressed the issue at length with counsel, noting that Smith obtained the benefit of the 2007 amendments to the crack guidelines and stating that, although the court had the discretion to impose a lesser sentence, it was not obligated to do so. The court found that Smith was more than a low level dealer based on the quantity of

6

drugs seized and the likelihood that he had flushed more drugs down the toilet. The court concluded that a sentence within the guidelines range, rather than a downwardly variant sentence, was warranted because Smith utilized guns in his drug activities, creating a risk of violence.

In Kimbrough v. United States, 552 U.S. 85 (2007), the Supreme Court established that a district court does not abuse its discretion by varying from the sentencing guidelines if it has a policy disagreement concerning the disparity between crack and powder cocaine sentences. See Spears v. United States, 555 U.S. 261, ___, 129 S. Ct. 840, 843 (2009). However, lower courts have held that Kimbrough does not require a court to impose a sentence below the guidelines range if it does not have a policy disagreement with the guidelines. United States v. Lopez-Reyes, 589 F.3d 667, 671 (3d Cir. 2009), cert. denied, 130 S. Ct. 2362 (2010); United States v. Caldwell, 585 F.3d 1347, 1355 (10th Cir. 2009), cert. denied, 131 S. Ct. 209 (2010); United States. v. Roberson, 517 F.3d 990, 995 (8th Cir. 2008). Here, Smith received the benefit of the 2007 amendments to the sentencing guidelines designed to address the powder cocaine/ crack cocaine sentencing disparity. By emphasizing that its concern was with the combination of drugs with firearms in Smith's case and not with any continuing disparity between the sentences for crack and powder cocaine offenses, we conclude

that the district court implied that it did not have a policy disagreement with the guidelines. Because the district court was not obligated to vary from that guidelines range under these circumstances, the court's decision not to downwardly vary did not render Smith's sentence substantively unreasonable.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Smith's sentence.[*] Smith's motion to file an amended pro se supplemental brief is denied. This court requires that counsel inform Smith, in writing, of the right to petition the Supreme Court of the United States for further review. If Smith requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Smith. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[*] We conclude after our thorough review of Smith's pro se supplemental brief that he is not entitled to relief on any of his pro se claims.