# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1229
_____

United States of America

*Plaintiff - Appellee*

v.

Errick Laron Racy, also known as Rook

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock
_____

Submitted: November 12, 2012
Filed: November 20, 2012
[Unpublished]
_____

Before RILEY, Chief Judge, WOLLMAN and MELLOY, Circuit Judges.
_____

PER CURIAM.

On April 25, 2011, Errick Racy pled guilty to distributing approximately 120 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). Racy's criminal conduct occurred on March 19, 2010. On August 3, 2010, the Fair Sentencing Act (FSA) took effect. See Pub. L. No. 111–220, 124 Stat. 2372 (2010). The FSA "reduc[ed] the crack-to-powder cocaine disparity from 100-to-1 to 18-to-1" by

increasing the amount of crack cocaine a defendant must distribute before various statutory mandatory minimum sentences of imprisonment are triggered. Dorsey v. United States, 567 U.S. ___, ___, 132 S. Ct. 2321, 2326, 2329 (2012). For example, the FSA increased the amount of crack cocaine necessary for a five-year mandatory minimum sentence from five grams to twenty-eight grams, and for a ten-year mandatory minimum sentence from fifty grams to 280 grams. See FSA § 2(a), 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii); see also Dorsey, 567 U.S. at ___, 132 S. Ct. at 2329. The 120 grams of crack cocaine Racy distributed would thus be insufficient to trigger a ten-year minimum sentence under the FSA, but more than sufficient to do so under the old law.

At a sentencing hearing on December 15, 2011, the district court, relying on circuit precedent, rejected Racy's argument that the FSA applied retroactively to crack cocaine offenders whose criminal conduct occurred before the FSA's enactment on August 3, 2010, but who were sentenced after that date. The district court accordingly applied the pre-FSA statutory sentencing provisions, which mandated a ten-year minimum term of imprisonment for Racy's § 841(a) violation, and sentenced Racy to ten years imprisonment for that charge, to be served concurrently with 36 months imprisonment for Racy's violations of the conditions of his supervised release. Racy subsequently filed an appeal with this court, waiving oral argument. We held the appeal in abeyance pending the Supreme Court's resolution of the retroactivity question in Dorsey.

On June 21, 2012, the Supreme Court held that the FSA's "more lenient penalty provisions apply to offenders who committed a crack cocaine crime before August 3, 2010, but were not sentenced until after August 3." Dorsey, 567 U.S. at ___, 132 S. Ct. at 2326. Because Racy falls within that category of crack cocaine offenders, we

now vacate Racy's sentence and remand the case to the district court for proceedings consistent with the Supreme Court's opinion in <u>Dorsey</u>.[1]

_____

[1]Racy's contention that the district court erred by not "sentenc[ing] him under a more lenient Guideline range instead of the mandatory minimum sentence that was imposed" based upon "the contractual nature of . . . Racy's plea agreement" is therefore moot. <u>See</u> <u>United States v. Roberson</u>, 517 F.3d 990, 995 (8th Cir. 2008).