# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 12-3411

———————————————

United States of America

*Plaintiff - Appellee*

v.

James W. Hendrix

*Defendant - Appellant*

————————

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

————————

Submitted: April 8, 2013
Filed: June 28, 2013
[Published]

————————

Before COLLOTON, MELLOY, and SHEPHERD, Circuit Judges.

————————

PER CURIAM.

James W. Hendrix entered into a plea agreement and pleaded guilty to one count of manufacturing fifty grams or more of a mixture or substance containing a detectable amount of methamphetamine. 21 U.S.C. §§ 841(a)(1) & (b)(1)(b). His plea agreement tentatively calculated his offense level as 23 and his criminal history

as Category VI. It also stated that Hendrix might be subject to the career-offender Guidelines. The plea agreement contained an appeal waiver that waived all "non-jurisdictional" and "non-sentencing issues" and, "[i]n the event the Court . . . accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein," "all sentencing issues[.]" The waiver preserved Hendrix's right to appeal the sentencing issue of "Criminal History."

Subsequently, a presentence investigation report recommended career-offender status, and neither Hendrix nor the government objected to the report. Under the career-offender Guidelines, Hendrix's advisory range was 188–235 months' imprisonment. Without application of the career-offender Guidelines, his sentencing range would have been 92–115 months' imprisonment. The district court[1] determined that Hendrix was subject to the career-offender Guidelines. At sentencing, Hendrix argued that the district court should vary downwardly from the career-offender advisory range due to his age (64), a multi-decade battle with drug addiction, and various medical issues. He also argued that a variance was appropriate because his criminal history could be explained by his long-term drug addiction and was, in essence, overstated. He did not actually challenge the career-offender determination.

The district court imposed a bottom-of-the-range sentence of 188 months, noting that it had received Hendrix's arguments requesting a variance. In doing so, the district court expressly discussed several of the sentencing factors contained in 18 U.S.C. § 3553(a), noted that several of Hendrix's prior convictions were for drug offenses, emphasized that Hendrix had two prior convictions for crimes of violence, and noted that the present offense occurred when Hendrix was under state supervision. The court recommended drug treatment programs and imposed conditions of supervised release specifically tailored to Hendrix's criminal history and long-standing

---

[1]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

-2-

drug abuse.  Finally, the court ordered his sentence to run consecutive to a three-year state sentence that had been imposed for parole violations stemming from the present offense conduct.

Hendrix appeals the substantive reasonableness of his sentence, arguing that the court should have granted a variance and should have ordered his sentence to run concurrently or partially concurrently with his state sentence.  He also argues that the court inadequately demonstrated its consideration of the 18 U.S.C. § 3553(a) factors.  The government argues that the appeal waiver precludes these arguments and, in the alternative, that the sentence is substantively reasonable and adequately explained.  Hendrix counters that the district court did not sentence him according to "the U.S. Sentencing Guidelines Total Offense Level agreed to" in the plea agreement, which he characterizes as Offense Level 23.  As a result, he concludes that he is not bound by his waiver of the right to appeal sentencing issues.  He asserts in the alternative that his arguments concerning substantive reasonableness are preserved as appealable "Criminal History" issues.

We need not address the scope of Hendrix's appeal waiver because, even if his arguments fall outside his waiver, he is not entitled to relief.  We deem the within-Guidelines-range sentence presumptively reasonable on appeal, and Hendrix has not met his burden of overcoming that presumption.  See United States v. Peck, 496 F.3d 885, 891 (8th Cir. 2007) (describing the presumption and allocation of the burden of rebuttal).  He presents reasonable arguments in support of his position relying upon various § 3553(a) factors.  His arguments demonstrate that a different sentence clearly would have been reasonable.  They do not, however, demonstrate that the sentence imposed is unreasonable.  The district court elected to emphasize the violent nature of some of Hendrix's prior offenses, the serious nature of the present offense, and the fact that he committed the present offense while under state supervision.  Exercising discretion to emphasize these facts, rather than facts that might support a more lenient

-3-

sentence, was not an abuse of discretion.  See United States v. Ozmon, 713 F.3d 474, 476 (8th Cir. 2013) (standard of review).

Further, the sentencing record as a whole adequately demonstrates that the district court considered the § 3553(a) factors.  United States v. Perkins, 526 F.3d 1107, 1110–11 (8th Cir. 2008) (stating that the reviewing court must consider "the entire sentencing record, not merely the district court's statements at the hearing").  The district court's comments and its focus on drug-abuse treatment in the overall sentence, including the conditions of release, demonstrate that the district court was aware of and considered the § 3553(a) factors and the issues Hendrix raised below.  United States v. Roberson, 517 F.3d 990, 994 (8th Cir. 2008) ("The appropriate length of the statement . . . may be relatively brief if the district court rests its decision on the Sentencing Commission's reasoning and 'decides simply to apply the Guidelines to a particular case.'" (quoting Rita v. United States, 551 U.S. 338, 356 (2007))).

We affirm the judgment of the district court.

_____