# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1447
_____

United States of America

*Plaintiff - Appellee*

v.

Tammy Velazquez, also known as Tammy Velasquez

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport
_____

Submitted: February 20, 2018
Filed: June 13, 2018
[Unpublished]
_____

Before SMITH, Chief Judge, SHEPHERD and STRAS, Circuit Judges.
_____

PER CURIAM.

In September 2016, Tammy Velazquez pled guilty to conspiracy to manufacture, distribute, and possess with intent to distribute actual methamphetamine and a mixture or substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. With a total offense level of 37 and a criminal history category of II, Velazquez's advisory Sentencing Guidelines range was 235 to

293 months, USSG Ch. 5, Pt. A., with a statutory maximum of 240 months, 21 U.S.C. § 841(b)(1)(C). At sentencing, the district court[1] granted a downward variance of 35 months before reducing the sentence by 30 percent under USSG § 5K1.1. The district court refused, however, to grant a further variance based on Velazquez's policy argument that the higher sentencing ranges for actual methamphetamine, as opposed to mixtures of methamphetamine, are not based on sound policy considerations or empirical data and result in unwarranted sentence disparities and unduly harsh sentences. The district court sentenced Velazquez to 140 months imprisonment to be followed by three years of supervised release.

Velazquez appeals her sentence, claiming the district court procedurally erred and imposed a substantively unreasonable sentence by refusing to consider her policy argument. We affirm.

We turn first to Velazquez's claim that the district court procedurally erred. A sentencing court commits procedural error by "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, *failing to consider the § 3553(a) factors*, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." United States v. Williams, 624 F.3d 889, 896 (8th Cir. 2010) (internal quotation marks omitted). Velazquez claims the district court's refusal to consider her policy argument constituted procedural error because the court failed to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). We disagree.

---

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

The Sentencing Commission "clearly considered [the need to avoid unwarranted sentence disparities] when setting the Guidelines ranges." Gall v. United States, 552 U.S. 38, 54 (2007). Thus, when a sentencing judge "correctly calculate[s] and carefully review[s] the Guidelines range, he necessarily g[ives] significant weight and consideration to the need to avoid unwarranted disparities." Id. There is no dispute here that the district court correctly calculated the Guidelines range as set forth by the Sentencing Commission. In addition, the court explicitly acknowledged its consideration of the need to avoid unwarranted sentence disparities among defendants. We therefore find the district court did not commit procedural error.

In regards to Velazquez's challenge to the substantive reasonableness of her sentence, we find the district court did not abuse its discretion in imposing a 140-month sentence: a sentence well below the Guidelines range. See United States v. Lazarski, 560 F.3d 731, 733 (8th Cir. 2009) (finding where court sentenced defendant below the Guidelines range, "it is nearly inconceivable that the court abused its discretion in not varying downward still further"). Although "district courts are entitled to reject and vary categorically from [particular] Guidelines based on a policy disagreement with those Guidelines," they are not required to do so. United States v. Talamantes, 620 F.3d 901, 902 (8th Cir. 2010) (alteration in original) (quoting Spears v. United States, 555 U.S. 261, 265-66 (2009)). Nor is a court required to consider a policy argument regarding sentencing disparities under the Guidelines, as long as the court is "[]aware of its power to do so." See United States v. Roberson, 517 F.3d 990, 995 (8th Cir. 2008) ("We do not believe . . . a district court now acts unreasonably, abuses its discretion, or otherwise commits error if it does not consider the crack/powder sentencing disparity.").

Here, the district court chose not to consider the sentencing disparity between actual methamphetamine and mixtures of methamphetamine when sentencing Velazquez. Although the court was aware of its ability to vary, the court stated it

"[was] not going to make a judgment on policy arguments" and it "[did not] take into consideration . . . the policy argument" when ultimately determining the sentence. We find the district court was under no obligation to consider the sentencing disparity, see id., but was instead entitled to apply the Guidelines as promulgated by the Sentencing Commission. Because "the record demonstrates that the court properly considered the § 3553(a) factors," we find the sentence imposed to be reasonable. Lazarski, 560 F.3d at 734.

For the reasons stated, we affirm Velazquez's sentence.

_____